## COCKRAN v. RICE.

One employed under an entire contract for a gross sum to do a specified thing, and who is not subject to the direction of his employer, is an "independent contractor."

Where the person employed by defendant to plow a field was not hired to plow any specific number of acres at the rate per acre fixed upon, but could quit when he chose, and defendant could terminate the employment at any time, the plower was not an independent contractor.

Where, in an action for damages done by a fire set out by one employed by defendant to plow a field, the undisputed evidence showed that such person was not an independent contractor, but was employed to plow at so much an acre at defendant's will, errors in receiving or excluding evidence predicated upon the defense of independent contractor were not reversible.

An agent, who contracts in his own name with one unaware of the agency, becomes liable as principal, so that where defendant, in employing another to plow a field for the company, of which he was managing agent, did not disclose his agency to the person employed, who did not know thereof, defendant was liable as principal for the negligence of such person in setting out a fire which destroyed plaintiff's property.

(Opinion filed November 16, 1910.)

Appeal from Circuit Court, Roberts County. Hon. J. H. McCoy, Judge.

Action by Samuel Cockran against Carl J. Rice. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*J. W. Barrington,* for appellant. *J. J. Batterton* and *D. J. Leary,* for respondent.

SMITH, J. Appeal from the circuit court of Roberts county. Defendant appeals from a judgment and an order denying a motion for a new trial. The complaint alleges, in substance, that the plaintiff was the owner of certain hay and a granary containing a large quantity of wheat, of the aggregate value of $912, situated on premises owned by the plaintiff; that on or about the 23d day of October, 1907, defendant intentionally, negligently, and carelessly kindled and set a fire in grass and stubble on lands adjoining plaintiff's land, and permitted the same to burn and spread over and across the plaintiff's land, consuming and de-

stroying the said granary, hay, and wheat, to the plaintiff's damage in the sum of $912. The answer is a general denial. The facts are practically undisputed that in the month of October, 1908, the Western Land & Investment Company owned a 40-acre tract in Roberts county, adjoining premises owned by the plaintiff on which was situated the property described in the complaint; that the Western Land & Investment Company was a corporation of which the defendant, Carl J. Rice, was secretary and general manager; that the defendant, Carl J. Rice, employed one Stevens to plow on the 40-acre tract of land owned by the corporation at an agreed compensation of $1.25 per acre; that Stevens sent his two boys to do the plowing; that, while plowing the land, the boys set a fire to burn off stubble on the ground, and in so doing permitted the fire to spread across the plaintiff's land, consuming his granary and grain and certain stacks of hay. There was no fire break about the stubble in which the fire was set.

Appellant relies upon two propositions of law: First, that he is not responsible for damage caused by fire set by the Stevens boys, for the reason that Stevens was an independent contractor. Second, that the Western Land & Investment Company was owner of the land upon which Stevens was employed to perform work; that the defendant, Rice, was the managing agent, and the Western Land & Investment Company, and not Rice, would be liable for such damages. Appellant also refers in his brief to certain alleged errors in the admission and exclusion of evidence, and alleges error of the court in his instruction to the jury. The testimony as to the conversation or contract between Stevens and Rice with reference to the plowing is very brief. Stevens, called as a witness for plaintiff, testified: "The bargain I had with Mr. Rice was to do this plowing by the acre. Mr. Rice, the defendant in this case, hired me. My contract or agreement with him was to plow by the acre. I think I told Mr. Rice at the time he hired me to do the plowing that I was going to have the boys do the plowing for me, * * * if they could do it satisfactorily. I believe the defendant told me to go ahead. I was to have so much an acre for the plowing." Defendant, Carl J. Rice, testified: "I

had some conversation with Mr. Stevens relative to the plowing of this land. * * * I do not know as it was much of any conversation. He wanted to do plowing, and I told him we were paying $1.25 per acre, and he said he would plow it." The defendant, Rice, was asked whether, in the conversation between himself and Stevens in which he hired Stevens to do the plowing, anything was said as to whom he (Rice) was acting for in doing the hiring, and answered: "I do not know as there was anything said about that. When I hired any one, I did not usually say, 'I am acting for the company.' I told him that we wanted a man to work, and whether they were working for the company or any one else does not cut any figure so they get their pay. I do not know whether I said to Mr. Stevens whether the company employed him or not."

That the boys set the fire, and that the property was destroyed, is wholly undisputed. The defendant offered in evidence a quitclaim deed from Carl J. Rice to the Western Land & Investment Company, acknowledged and recorded, conveying the 40 acres of land to the corporation, which was received in evidence. The defendant, Rice, was permitted to testify that this land was owned by the Western Land & Investment Company, a corporation; that he had no interest in the land except as an officer and agent of the corporation; and that the corporation itself was farming the land. So far as the record discloses, no contention was made at the trial that Stevens, in the performance of his contract to plow the lands in question, was acting as an independent contractor; nor was any request made for an instruction submitting that question to the jury. The claim appears first to have been urged on the motion for a new trial. At the close of the evidence, defendant moved the court for direction of a verdict, for the reason that the undisputed evidence shows that the defendant did not set or authorize to be set the fire in question; that he did not own the land upon which the fire was set and had no interest therein, except that he was agent of the corporation owning the same; and there was no evidence tending to show that it was necessary for the plowing of the land that the fire be set; and

that the fire was set by persons not in the employ of the defendant, for the purpose of facilitating the doing of work in which the defendant was not interested, which motion was denied and an exception entered. Presumably, under this exception, appellant urges the insufficiency of the evidence to sustain the verdict: First, in that it fails to show that the Stevens boys were the servants of the defendant or were acting for or under his direction; second, that the evidence is insufficient to show that the relation of master and servant existed between the defendant and the parties who started the fire; third, that the evidence is wholly insufficient to show that Carl J. Rice was the owner of the land upon which the fire was started.

There is no evidence in the record to show that the defendant, Rice, pretended or purported to be acting for the corporation, at the time he employed Stevens to do this work; nor is there any evidence showing that Stevens had any knowledge of the actual ownership of the land at the time the conversation was had with Rice. The question of ownership of the land therefore is wholly immaterial to any issue of fact arising under the evidence offered on the trial. Assuming that, under the issue in this case, the defendant might defeat plaintiff's cause of action by showing in evidence that Stevens was an independent contractor, and assuming that the defendant has not waived his right to urge this particular line of defense by his failure to request an instruction submitting that question to the jury, we shall consider the evidence to determine whether the record presents evidence tending or sufficient to establish such defense.

It is conceded that the persons who caused the injury to plaintiff's property were employees of the defendant, Rice, or of his principal. These persons were performing labor either as servants or independent contractors. Section 1476, Civ. Code, defines the term "servant": "A servant is one who is employed to render personal service to his employer, otherwise than in the pursuit of an independent calling, and who in such service remains entirely under the control and direction of the latter, who is called his master." The distinction between servants and inde-

pendent contractors is very clearly stated by Justice Haney in McCarrier v. Hollister, 15 S. D. 366, 89 N. W. 862, 91 Am. St. Rep. 695: "While the master is liable for the negligence of the servant, yet when the person employed is engaged under an .entire contract for a gross sum in an independent operation, and is not subject to the direction and control of his employer, the relation is not regarded as that of master and servant, but as that of contractor and contractee; and in such case the general rule is that the negligence of the contracting party cannot be charged upon him for whom the work is to be done; and this rule is applicable even where the owner of the land is the person who hires the contractor, and for whose benefit the work is done." "The test of the relationship is the right to control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent." 26 Cyc. 1547. To constitute an "independent contractor," the contract itself must be one the performance of which will produce a certain understood and specified result—a contract which contemplates a definite beginning, continuance, and ending. A test of the relationship between the employer and the employee is the right of the employer under the contract to control the manner and continuance of the particular service and the final result. No single fact is more conclusive as to the effect of the contract of employment, perhaps, than the unrestricted right of the employer to end the particular service whenever he chooses, without regard to the final result of the work itself. Under the evidence in this case, there was no contract to plow any specified number of acres. Under the employment shown, Stevens could plow at a specified rate per acre and quit when he chose, or Rice could terminate such service at any time, without a breach of the contract to be performed. At most, the contract was merely to pay for such plowing as might be done by Stevens at the rate of $1.25 per acre. Such contract did not constitute Stevens an independent contractor. The evidence being wholly undisputed as to the contract itself, and the contract being for personal services only, the defense of independent contractor cannot exist, and the

defendant cannot assign reversible error upon rulings of the trial court in receiving or excluding evidence predicated upon such defense.

Appellant's contention that he cannot be held liable because he acted only as agent of the corporation cannot be sustained. His own evidence affirmatively shows that his agency was not disclosed to Stevens, nor is it shown that Stevens had any knowledge of the facts. Having assumed to act as principal, no reason is apparent why he should not be held to have assumed the responsibilities of a principal toward third persons for the act of a servant or employee. In 31 Cyc. 1555, the rule is very clearly and concisely stated: "An agent who enters into a contract in his own name without disclosing the identity of his principal renders himself personally liable, even though the third person knows that he is acting as agent, unless it affirmatively appears that it was the mutual intention of the parties to the contract that the agent should not be bound. With stronger reason, an agent who, without disclosing his agency, enters into contractual relations in his own name with one who is unaware of the agency, binds himself and becomes subject to all liabilities, express and implied, created by the contract and transaction, in like manner as if he were the real principal, although in contracting he may have intended to act solely for his principal. If the agent would avoid personal liability on a contract entered into by him in behalf of his principal, he must disclose not only the fact that he is acting in a representative capacity, but also the identity of his principal, although, if the other party has actual knowledge of the principal's identity, it would have the same effect to relieve the agent as a disclosure by the latter. The disclosure of the principal's identity need not be made at the inception of the transaction; it is sufficient if it is made before liability is incurred on either side; but a disclosure made after liability is incurred comes too late to relieve the agent from liability." 31 Cyc. 1560, says: "While an agent is not liable to third persons for injury resulting from his omission to perform a duty owed to the principal alone, he is liable to them for injury resulting from his misfeasance or mal-

feasance, meaning by those terms the breach of duty owed to third persons generally, independent of the particular duties imposed by his agency. Accordingly, an agent may be held liable in damages to third persons for conversion, fraud, and deceit, and even for negligence. In an action against an agent for misfeasance or malfeasance, it is no defense that he acted as agent or by the authority or direction of another, for no one can lawfully authorize the commission of a tort."

Appellant also contends that the evidence fails to show that the act of Stevens in starting the fire was done as a necessary part of the services rendered under his employment. This question was fully and fairly submitted to the jury under instructions decidedly favorable to the defendant, upon evidence disclosing all the surrounding conditions, and their verdict cannot be disturbed upon appeal.

A full and careful consideration of the entire record before us discloses no reversible error.

The order and judgment of the trial court are affirmed.

McCOY, J., took no part in this case.