SCHLICHTING, Respondent, v. RADKE, et al, Appellants

(291 N. W. 585.)

(File No. 8265. Opinion filed April 17, 1940.)

Rehearing Denied May 23, 1940.

**Caldwell & Burns,** of Sioux Falls, for Appellants.

**D. M. Joyce,** of Aberdeen, for Respondent.

RUDOLPH, J.  Plaintiff brought this proceeding to recover compensation under the Workmen's Compensation Law (R.C. 1919, Section 9436 et seq., as amended, SDC Title 64).  The industrial commissioner made findings of fact in favor of the defendants and denied an award.  An appeal was taken to the circuit court which reversed the holding of the industrial commissioner and entered judgment in favor of the plaintiff.  Defendants have appealed.

The industrial commissioner found the facts, as follows:

"1.  That for about three weeks prior to September 19, 1937, Louis Schlichting was employed by August Radke as a farm laborer on said Radke's farm near Stratford, South Dakota; that the said Louis Schlichting was so employed by said August Radke, for the six week days of the week at a wage of $2.00 a day with board and lodging of the value of $1.50 a day.

"2.  That under such contract of employment the said Louis Schlichting was not employed to do farm work on Sunday and was not paid for farm work on Sunday; that the said Louis Schlichting was free to leave the farm on Sundays.

"3.  That Louis Schlichting had had some training in an automotive tractor school and had some skill and experience in the repairing of tractors, which facts were known to August Radke.

"4.  That shortly prior to September 19, 1937, said Louis Schlichting and August Radke entered into a contract whereby it was agreed between them that Schlichting should overhaul and repair the tractor belonging to Radke for the lump sum consideration of $5.00.

"5.  That on Sunday, September 19, 1937, in accordance with his contract made with the said Radke, Schlich-

ting started to overhaul and repair the tractor belonging to Radke, and that while so engaged he sustained an injury to his. back from which he suffered a temporary total disability for a period of seven weeks, and on account of which he incurred expense for medical services in the amount of $16.37.

"6. That the doing of the specific work of overhauling said tractor required special skill, and that while such work for a lump sum was being done, said Radke did not exercise any control over the details of the work and did not supervise the work, and that at the time said Schlichting was repairing the tractor he was an independent contractor and was not an employee of said Radke."

■ Under the provisions of the Workmen's Compensation Law, the relationship of employer and employee is necessary to entitle a recovery. The industrial commissioner found adversely to this relationship and found affirmatively that at the time plaintiff sustained the injury he was acting in the capacity of an independent contractor. Whether the burden was upon the plaintiff to establish the relationship of employer and employee, or whether the burden rested upon the defendants to disprove that relationship, we do not believe is material in this case, because under either view we are satisfied with the sufficiency of the evidence to support the findings as made.

■ Under the decisions of this court we must start from the premise that the findings of the industrial commissioner will not be disturbed if there is any reasonable and substantial evidence tending to support them. Cf., Annotations to SDC 64.0604. Under the rule as thus established the industrial commissioner may draw any reasonable inference from the evidence, and it is only where the evidence presented to the industrial commissioner is reasonably susceptible of but a single inference that the question becomes one of law for the court.

■■ We are convinced that the findings as made by the industrial commissioner are sufficient upon which to predicate the status of the plaintiff as an independent contractor. This court in the case of Cockran v. Rice, 26 S. D.

393, 128 N. W. 583, 585, Ann. Cas. 1913B, 570, established the tests to determine whether one is an independent contractor as distinguished from an employee, as follows: " '* * * when the person employed is engaged under an entire contract for a gross sum in an independent operation, and is not subject to the direction and control of his employer, the relation is not regarded as that of master and servant, but as that of contractor and contractee; * * *' "

Innumerable definitions of an independent contractor are to be found in the decided cases, but we believe the above definition given by this court to be as satisfactory as any. As we read this definition three principal elements are involved. First, an entire contract for a gross sum; second, an independent operation; and third, the absence of direction and control. There are, perhaps, other tests which may enter in, but which are more or less incidental to the three as stated by this court, and in the final analysis it would seem that the principal test of the relationship is the right to control. The facts as found by the industrial commissioner come within the tests prescribed by this court.

■■ But one question therefore remains, and that is whether the evidence is sufficient to support the findings and meets the tests which determine the relationship between plaintiff and defendant. First, is there any substantial evidence tending to show that Schlichting was engaged under an entire contract for a gross sum. The plaintiff in a written statement to the insurance company stated: "I was fixing the tractor Sunday, September 19, 1937, for $5 to get it ready for Monday as it was using too much oil." This statement by plaintiff is, in itself, perhaps sufficient upon which the industrial commissioner might base his findings to meet the first test as announced by this court, but after reading the entire evidence, we are convinced that it was within the province of the industrial commissioner to conclude that the plaintiff in performing the farm work for the defendant was employed on the basis of two dollars a day to be paid only for the days that he worked; that he was not to perform any farm work on Sunday; that the agreement to repair the tractor was something separate and

apart from his agreement to do farm work; and that the contract was entire and for a gross sum. In regard to the second test, that is, whether the repairing of this tractor was in the nature of an independent operation, the defendant testified: "It was not in his regular employment. He was employed as a farmer. I knew that Schlichting had had a little mechanical training. I knew he had gone to some mechanical school." This evidence, when considered in the light of the whole record, we are convinced was sufficient upon which the industrial commissioner might find that this was an independent operation and something which required a special skill over and above the skill required of a farm laborer, and which was, therefore, outside the scope of the employment of this plaintiff as a laborer on the farm of the defendant. Under the record it appears that after Radke employed the plaintiff to repair this tractor, he undertook no direction or control of the manner in which the plaintiff performed the work. Radke testified: "I did not undertake to tell them how to do the work. I just told him what to do—what needed fixing. It was quite a complete over-hauling of the engine that was required. I told him at what time I wanted the work done. I did not stay there and tell them how to go about the work." From this evidence and from the fact that it appears that Radke knew that the plaintiff had had some special training which would fit him for this particular work, we are of the opinion that the industrial commissioner was privileged to infer that Radke was without the right to interfere in the manner in which the plaintiff conducted his work on this tractor. While it is the right of control, as distinguished from the exercise of control, that is the test for determining the relationship, nevertheless, the fact that the employer has actually exercised control may be considered as tending to show that he has a right to control; on the other hand the fact that during the performance of the work the employer has exercised no control may be considered as tending to show that he has no right to control. 14 R. C. L. 68; Biggins v. Wagner, 60 S. D. 581, 245 N. W. 385, 85 A. L. R. 776.

After considering this entire record, we are convinced

that the question of whether the work plaintiff was doing was being performed in the regular course of plaintiff's employment as a farm laborer, or whether it was being performed by plaintiff as an independent contractor, was a question for the determination of the industrial commissioner under all the evidence, and the inferences to be drawn therefrom.

The judgment and order appealed from are reversed.

POLLEY and WARREN, JJ., concur.

SMITH, P.J., and ROBERTS, J., dissent.

ROBERTS, J. (dissenting)  I am unable to concur in the majority opinion.  The evidence in this case as to the controlling facts is so free from conflict that a question of law is presented as to the status of the plaintiff at the time of his injury.  Plaintiff employed by defendant Radke to do general farm work had been so engaged for two or three weeks when he agreed to overhaul on the following Sunday his employer's tractor.  Plaintiff had attended an "auto school" for about three weeks in 1921 when he was nineteen years of age, but had never followed the occupation of a skilled mechanic or been so employed.  Defendant Radke, intending to use the tractor on Monday for threshing, employed his brother Herbert to work with plaintiff.  The repairing of the tractor consisted in replacing piston rings and taking up the bearings.  Schlichting and defendant's brother commenced to overhaul the tractor as agreed on Sunday morning.  Defendant Radke gave no instructions either to plaintiff or to his brother, and did not supervise the details of the work.  During the forenoon plaintiff sustained an injury by striking his back on the frame of the tractor, and the repair job was completed by the brother.

An employee, as defined in the Workmen's Compensation Act (§ 9490, Rev. Code 1919, SDC 64.0102), is "every person, including a minor, in the services of another under any contract of employment, express or implied."  There are certain stated exceptions which are not here material.  It is conceded that an independent contractor is not within the scope of the act.  It would be difficult, if not impossible, to

formulate a definite rule by which to determine when a person undertaking to do work for another is an independent contractor and when he is an employee, but there are many well recognized indicia of the status of an independent contractor.

"The commonly recognized tests of such a relationship are, although not necessarily concurrent or each in itself controlling: (1) The existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price; (2) independent nature of his business or of his distinct calling; (3) his employment of assistants with the right to supervise their activities; (4) his obligation to furnish necessary tools, supplies, and materials; (5) his right to control the progress of the work, except as to final results; (6) the time for which the workman is employed; (7) the method of payment, whether by time or by job; (8) whether the work is part of the regular business of the employer." Mallinger v. Webster Oil Company, 211 Iowa 847, 234 N. W. 254, 257.

See also Murray's Case, 130 Me. 181, 154 A. 352, 75 A.L. R. 720, and Annotation.

This court has recognized that the principal consideration in determining whether a person employed to do certain work is an independent contractor or an employee is the control which is reserved by the employer. In Cockran v. Rice, 26 S. D. 393, 128 N. W. 583, 585, Ann. Cas. 1913B, 570, this court said: " 'The test of the relationship is the right to control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent.' 26 Cyc. 1547. * * * A test of the relationship between the employer and the employee is the right of the employer under the contract to control the manner and continuance of the particular service and the final result."

Whether payment is by the job or the hour or the day is a circumstance to be considered, but is not determinative. Industrial Commission v. Hammond, 77 Colo. 414, 236 P. 1006; Rick v. Noble, 196 Minn. 185, 264 N. W. 685; Burchett

v. Department of Labor & Industries, 146 Wash. 85, 261 P. 802, 263 P. 746; Mallinger v. Webster City Oil Co., supra.

The fact that the employer engages another to assist in the work and the absence of the right of the worker to control, direct or supervise another employed on the work are facts to be considered in determining whether the worker was an independent contractor. Murray's .Case, supra; Industrial Commission v. Hammond, supra; Warner v. Fullerton-Powell Hardwood Lumber Co., 231 Mich. 328, 204 N. W. 107; Western Paving Co. v. State Industrial Commission, 141 Okl. 140, 284 P. 304.

Plaintiff had been employed on the farm of defendant Radke to perform ordinary farm work. He was not a skilled mechanic, and the work plaintiff was doing when he was injured could have been done by anyone having ordinary mechanical ability. It is true that the employer did not direct the method or details of the work. However it is not the fact of actual interference or exercise of control by the employer, as indicated, which renders a person an employee rather than an independent contractor, but the existence of the right or the authority to control. Every person employed to work on the premises of another and for the other's benefit is presumed to be in the employment of the person whose work is being done. Simila v. Northwestern Improvement Co., 73 Wash. 285, 131 P. 831. The evidence does not affirmatively show that plaintiff was free from the control of his employer. In the light of all the facts in this case, the previous employment, the place of the work, the short length of time required to complete the job, the hiring by defendant Radke of the brother to assist with the work, and the fact that plaintiff did not undertake to do all the work and was not exercising an independent calling, the conclusion of the trial court that plaintiff was an employee was clearly warranted. Evidence· suggesting the status of an independent contractor is meager. The only fact which tends to uphold the contention that plaintiff was an independent contractor was the basis of payment. The tendency of modern decisions is not to accept the mode of payment as decisive, but to look to the broader question whether the

person is in fact independent or subject to the control of him for whom the work is done. 14 R.C.L. 74; Annotation: 20 A.L.R. 684, § 25. If it may be inferred from the evidence that plaintiff was to receive a lump sum for the work, such method of payment is not persuasive in view of the fact that plaintiff was to do the work in conjunction with another not employed or compensated by him.

SMITH, P.J., concurs in this dissent.