McCARTHY, Respondent, v. CITY OF MURDO, et al, Appellants

(297 N. W. 790.)

(File No. 8429. Opinion filed April 29, 1941.)

Rehearing Granted September 6, 1941.

**Tom Kirby,** of Sioux Falls, for ·Appellants.
**Morgan & Whiting** and **H. T. Fuller,** all of Mitchell, for Respondent.

RUDOLPH, J.   Plaintiff brought this proceeding to recover compensation under the Workmen's Compensation Law, SDC, Title 64, 64.0101 et seq.   The industrial commissioner made an award in favor of plaintiff and appeal was taken to the circuit court where this award was affirmed. Defendants have appealed.

Respondent contends that the material facts are in dispute.   We cannot concur in this view.   The facts we state seem to us to be uncontroverted.   Frank M. McCarthy was engaged in the plumbing and heating business; his place of business was in Mitchell.   The city of Murdo during the year 1938 was engaged in building a waterworks system. Mr. McCarthy entered into a contract with the city to install all filter equipment, heating system, and plumbing in the new filter plant which was being constructed.   While Mr. McCarthy was in Murdo performing this contract, Mr.

Sorenson, the city engineer and a member of the city council, consulted Mr. McCarthy about making certain pipe connections and fittings at the pump house. This work was not included in the contract which Mr. McCarthy had with the city. Mr. Sorenson consulted Mr. McCarthy about this work, and testified as follows: "I asked him if he could come out and do this here work, that the plant wasn't ready yet and we wanted to by pass around the plant so the people in town could have well water until this was ready to connect."

McCarthy agreed to do this work and, while at Murdo, he and his son made the necessary estimates therefor. He then went to Mitchell and assembled the necessary fittings and placed them together in his work shop at that place. These materials were on the 10th day of October, 1938, brought to Murdo by Mr. McCarthy and with the help of two WPA workers were installed and the work completed. At the time Mr. McCarthy agreed to do this work nothing was said regarding his compensation and after the work was completed a bill was submitted to the city of Murdo for the materials together with three days time required to perform the work, charged on the basis of $20 a day, which bill was approved by the city commission and paid. While performing this work Mr. McCarthy suffered an injury which resulted in his death approximately two weeks after the injury occurred. There is a single question presented by this record, and that is whether Mr. McCarthy, while performing this work, was an employee of the city within the meaning of the Workmen's Compensation Law. Appellants contend that the facts show without dispute that McCarthy was an independent contractor. We have concluded that appellants should be sustained.

■ This court has at numerous times had occasion to consider whether a given state of facts disclosed the relationship of employer and employee or that of an independent contractor. McCarrier v. Hollister, 15 S. D. 366, 89 N. W. 862, 91 Am. St. Rep. 695; Cockran v. Rice, 26 S. D. 393, 128 N. W. 583, Ann. Cas. 1913B 570; Biggins v. Wagner, 60 S. D. 581, 245 N. W. 385, 85 A.L.R. 776; Baer v. Armour &

Co., 63 S. D. 299, 258 N. W. 135; Schlichting v. Radke, 67 S. D. 212, 291 N. W. 585. To reiterate the principles announced in the above-cited cases is unnecessary. These cases recognize the well-established tests for determining the relationship and further recognize that no hard and fast rule can be formulated to govern every case. However, in all of the cases the principal test of the relationship is announced as the right to control, that is, the right of the person employed to control the progress of the work except as to final results.

█ The record before us clearly indicates that McCarthy was performing an independent calling. In the work undertaken it was his task to direct the progress, complete the work, all of which was performed according to plans and estimates that he had made. In response to a question asked Mr. Sorenson if he submitted any plans for this work, he answered, "No", and testified that the plans were made by Mr. McCarthy. This fact stands without dispute in the record. It further appears from the record that, while the work was in progress, Mr. Sorenson was present, but the record is clear that he neither did nor attempted to direct its progress or exercise any control over Mr. McCarthy. Mr. Sorenson testified, "I was just hanging around", and we can find no dispute of this fact in the record. Mr. Sorenson was not nor did he profess to be a plumber or a pipe fitter. This is work that requires some special skill, which was possessed by Mr. McCarthy and of which Mr. Sorenson was advised. The record further discloses without dispute that Mr. McCarthy furnished his own tools and furnished all of the equipment and materials, which were paid for by the city when the bill was submitted. There was no time fixed for the performance of this work other than that Mr. McCarthy should do it "just as soon as possible." The record further shows that Mr. McCarthy paid the wages of a mechanic which he had employed and for which he billed the city. All of the above facts are material in determining that McCarthy was an independent contractor as distinguished from an employee of the city. See Annotations, 75 A.L.R. 725.

On the job assisting McCarthy, in addition to the mechanic he had employed, were two WPA workers. The industrial commissioner and respondent placed considerable emphasis upon this fact. Respondent in the brief filed in this court states: "The assistants who were employed at the pumping plant were not employed by Mr. McCarthy and, admitting they were on WPA, they were under the direction of Mr. Sorenson who had brought them from the WPA project to assist Mr. McCarthy."

The record relating to these WPA workers is, as follows: "The WPA did the labor by the direction of Mr. McCarthy." The WPA foreman ordered them to go out and do the work and the only testimony regarding the person who contacted the foreman to get these workers on the job was that of Mr. Sorenson who testified that he presumed McCarthy contacted the foreman. In any event the record is clear that, while these WPA workers were on the job, they were under the direction and control of McCarthy in the performance of this particular work.

██ Respondent further contends that the record establishes that Sorenson could discharge McCarthy at any time he so elected without incurring any liability upon the city. The record upon which respondent bases this contention is that Mr. Sorenson was asked and answered questions, as follows:

"Q. Under this arrangement that you had with Mr. McCarthy you were in a position to terminate his services at any time you desired? A. Well, I didn't think it would be necessary to terminate his services.

"Q. You could if he couldn't do it? A. There was no reason why he couldn't do it. I saw some of his work recommended by the engineer here.

"Q. You had the right to do that if you so desired? A. Yes if it became necessary."

Reading this testimony in connection with the entire record we can come to only one conclusion and that is that, if Mr. Sorenson was of the opinion that Mr. McCarthy could not perform the work he had agreed to perform, Sorenson could, without any liability upon himself or the city, ter-

minate the agreement he had made. In other words the record does not sustain respondent's contention that McCarthy could be discharged without good cause on the part of Sorenson or the city. It is only where the employer has the right to discharge without cause that such fact becomes of probative significance in determining the relationship. Annotations, 20 A.L.R. 761, see also Cockran v. Rice, supra [26 S. D. 393, 128 N. W. 585, Ann. Cas. 1913B, 570], wherein the test of the relationship relating to the right of discharge is referred to, as follows: "The unrestricted right of the employer to end the particular service whenever he chooses."

In Schlichting. v. Radke, supra, the industrial commissioner found facts which, if supported by the evidence, were in the opinion of the majority of this court sufficient to sustain the judgment entered. The real question there presented was the sufficiency of the evidence to sustain these findings. In the present case the findings of the industrial commissioner, when viewed in the light of the evidence which is undisputed cannot in our opinion support the conclusion reached. It does appear in this case that the contract was not for a gross sum other than that all parties were agreed that Mr. McCarthy was to receive a reasonable compensation for his services. However, whether the contract is for a gross sum or not, is not conclusive in so far as the relationship is concerned. As indicated in all of the cases cited above, this is simply one of the tests and in this case the mere fact that McCarthy submitted a bill on a daily basis and was paid on that basis cannot override the other undisputed facts which establish him as an independent contractor performing this work for the city of Murdo.

The judgment appealed from is reversed.
All the Judges concur.