SCHAIBLE, Respondent, v. WERNER, et al, Appellants

(21 N. W.2d 757.)

(File No. 8813. Opinion filed February 14, 1946.)
Rehearing Denied May 1, 1946.

**Caldwell & Burns,** of Sioux Falls, for Appellants.
**Paul O. Kretschmar,** of Eureka, for Respondent.

KING, Circuit Judge. This proceeding was brought under the Workmen's Compensation Act of the State of South Dakota. The facts material to this determination are undisputed and are as follows:

Helmuth Werner, defendant and appellant, a farmer, was engaged in the business of baling straw. The baling crew consisted of a foreman, the deceased as assistant foreman, and other members. The foreman in charge of the crew, operated the motor for the baler and carried away the straw bales. The deceased, as assistant foreman, was blocker and tier and aided the foreman in the maintenance of the machines and in moving from place to place. Both foreman and deceased, as assistant foreman, drew extra pay for services. The entire crew was paid by the bale, with transportation to and from place of employment.

On October 25, 1943, the automobile hired by the employer to transport the crew would not start and the foreman took the crew, including the deceased, in the truck of the employer and started to the place of operation, being a farm several miles from town. This truck carried the motor which supplied the power for the baler. At a certain point on this trip it was necessary to go up a small hill or an upgrade. At this point the truck slowed down to about two miles per hour and was traveling on super low. The deceased, riding in the cab with the foreman and another crew member, stepped out of the moving truck. He made no comment when he stepped out. He was not directed to do so by the foreman or anyone else. He then walked about ten steps forward and attempted to get back in the truck. In doing so he slipped or in some manner fell beneath the moving truck, a rear wheel of the truck passed over him causing his death. The employer was not a member of the crew and had no knowledge that the transportation he provided had failed or that the crew was riding in the truck.

An award was made by the Industrial Commissioner and upon appeal the Circuit Court sustained the award of the Commissioner.

All of the contentions of the appellant deal with the insufficiency of the evidence to support the findings of fact

and the insufficiency of the findings to support the conclusions of law of both the Industrial Commissioner and of the Circuit Court.

"On an appeal from a decision of the industrial commissioner, the circuit court sits as a reviewing court only upon the record made before the commissioner. The trial forum for ascertaining material facts is the board of arbitration or the industrial commissioner when such board is waived, and facts so found must be accepted by the reviewing court, unless so palpably erroneous upon the record as to be unreasonable; such findings standing substantially upon the same plane as the verdict of a jury. * .* * A decision of the industrial commissioner in favor of a claimant must be supported by affirmatively finding the existence of all material facts as to which claimant has the burden of proof. Such findings are not open to question by the reviewing court if the record exhibits any substantial credible evidence in support thereof." Edge v. City of Pierre, 59 S. D. 193, 239 N. W. 191, 194.

■■ Under the decisions of this court we must start from the premise that the findings of the Industrial Commissioner will not be disturbed if there is any reasonable and substantial evidence tending to support them. Cf., Annotations to SDC 64.0604. Under the rule as thus established the Industrial Commissioner may draw any reasonable inference from the evidence, and it is only where the evidence presented to the Industrial Commissioner is reasonably susceptible of but a single inference that the question becomes one of law for the court. Schlichting v. Radke, 67 S. D. 212, 291 N. W. 585.

In applying the law to the facts involved in this appeal, the only disputed question between the parties is whether or not the injury " arose out of and in the course of employment" as found by the Industrial Commissioner and sustained by the Circuit Court.

■ We are of the view that the facts above stated are sufficient to raise a natural and reasonable inference that deceased was within the scope of his employment when he stepped from the truck. There is no question that deceased

was engaged in acts referred to in some of the cases as "horse play," or that he was acting for any purpose of his own. There might be many reasons consistent with faithful service which would require that deceased act precisely as he did. Certainly we cannot hold that the evidence is susceptible of but the single inference that the injury did not arise out of and in the course of employment. See 71 C. J. 1068; Leach v. J. I. Case Threshing Machine Co., 53 S. D. 13, 219 N. W. 884.

We believe that no useful purpose would be served in attempting to determine why the deceased left the truck nor to discuss the law applied to any such assumption. The Industrial Commissioner and the Circuit Court found facts to warrant an award for the claimant. This finding is not palpably erroneous or unreasonable and therefore will not be disturbed.

The judgment and order appealed from are affirmed.

All the Judges concur.

KING, Circuit Judge, sitting for POLLEY, J.