CARLSON, Appellant, v. COSTELLO, Respondent

(48 N. W.2d 825)

(File No. 9217. Opinion filed July 10, 1951)

**Whiting, Wilson & Lynn,** Rapid City, for Plaintiff and Appellant.

**Bellamy, Eastman & Christol,** Rapid City, for Defendant and Respondent.

RUDOLPH, P. J.  This is an action for damages due to an injury suffered by plaintiff while constructing an addition to a garage owned by defendant.  The single issue presented is whether the evidence is such that the trial court correctly determined as a matter of law that the relationship existing between plaintiff and defendant at the time of the injury

was that of master and servant. The trial judge dismissed the action on the basis that he had no jurisdiction because in his opinion the facts disclosed that a master and servant relationship existed, and plaintiff at the time of the injury was within the coverage of the Workmen's Compensation Law.

The contract under which plaintiff was performing the work was entirely oral and was not specific in its terms. Defendant was a wholesaler of beer and in such business used several trucks. A garage housed the trucks used in this business. Plaintiff was in the building and contracting business, and was consulted by defendant with reference to building an addition to the garage. There were no definite plans for this addition but after several conversations the general form the addition was to assume was agreed upon. However, several changes were made by defendant as the work progressed. Defendant furnished and paid for all materials. Plaintiff ordered all materials and directed the workmen in the performance of their work including the defendant who on occasions helped with the work. Plaintiff agreed to construct the addition and to receive compensation therefor at the rate of $2.50 an hour for himself, and $1.85 an hour for his helper, who was to be employed and paid by plaintiff. Plaintiff carried Workmen's Compensation Insurance covering his helper. In addition plaintiff was to receive 15% of his own and his helper's wages for supervising the work and for insurance and use of equipment. It was also understood that general employees of defendant when not engaged in their regular work were to help in constructing the garage. While the work on the garage was in progress plaintiff at the request of defendant did other carpenter work for defendant at his home and place of business. In this work plaintiff used his helper and was paid the agreed rate. After plaintiff was injured he was contacted by defendant relative to completing the work. Plaintiff hired workmen to complete the job and later when the garage doors did not work properly plaintiff at the request of defendant had them adjusted. Defendant made no deduction for income tax withholding, old age security benefits, or unemployment compensation benefits from any payments to plaintiff who was paid in full for his work.

Upon cross-examination plaintiff was asked and answered questions as follows:

"Q. You were simply to work as a carpenter on the job for which you were to receive union carpenter wages of $2.50 an hour, plus 15% of the labor costs for the things you have just told us?   A.   Yes.

"Q. Now Mr. Carlson, under your arrangements with Mr. Costello you felt, did you not, that you were at liberty to quit this job any time you wanted to?   A . Yes.

"Q. And by the same token you felt, did you not, that Mr. Costello could dispense with your services at any time and for any reason he saw fit?   A.   Yes.

"Q. And you felt, did you not, that Mr. Costello could change his mind about completing the garage and could have abandoned it completely if he had wanted to?   A. Yes."

■    The tests by which the relationship between these parties must be determined have been stated by this court many times, and no useful purpose would be served by restating them.   Skinner v. F. C. Krotter Co., 72 S. D. 622, 38 N.W.2d 145 and cases therein cited.   There is also the rule in this state that where the evidence is conflicting or different inferences may be drawn from the testimony, the question of whether the relationship is or is not that of master and servant is for the jury.   Biggins v. Wagner, 60 S. D. 581, 245 N.W. 385, 85 A.L.R. 776.   The Restatement of the Law of Agency, Sec. 220, after stating the tests or factors which determine the relationship comments thereon as follows on page 484:   "The factors stated in Subsection (2) are all considered in determining the question, and it is for the triers of fact to determine whether or not there is a sufficient group of favorable factors to establish the relationship. Where the inference is clear that there is, or is not, a master and servant relationship, it is made by the court; otherwise the jury determines the question after instruction by the court as to the matters of fact to be considered."

■    The issue to be determined is the right to control, that is the right of the employer under the contract to control the manner and continuance of the work.   Were it not for the testimony of plaintiff on cross-examination above set forth by question and answer the facts strongly prepond-

erate against the relationship of master and servant. Plaintiff was engaged in an independent calling which required special skill. He was in active control of work, directing the manner in which it was performed, even to the extent of directing the defendant when he was helping with the work. Plaintiff employed and paid his helper and carried workmen's compensation insurance covering his employee. After his injury, plaintiff, not the defendant, employed help to complete the job. In addition to his regular wages as a carpenter he was paid the 15% on his and his helper's wages for supervising the work and to cover insurance and equipment which he furnished. Concededly he was not a regular employee of defendant in defendant's regular business, but he was engaged for temporary work concerning which he had special skill and knowledge. In view of these facts we cannot agree that the record establishes as a matter of law the relationship of master and servant. The cross-examination of plaintiff established at the most how plaintiff "felt" about the rights of the parties.

"It is not important that the parties believe or disbelieve that the relationship of master and servant exists, except as such belief indicates an assumption of control by the one and submission to control by the other." Restatement, Law of Agency, page 490.

■ The probative effect of this testimony of plaintiff on cross-examination is largely offset by the fact that defendant did not deduct for income tax withholding, old age security benefits or unemployment compensation which at least indicates that the defendant "felt" the relationship was not such as to require such deductions, in other words, that the relationship of master and servant did not exist. While this court has stated that no single fact is more conclusive as to the effect of a contract of employment, perhaps, than the unrestricted right of the employer to end the particular service whenever he chooses, without regard to the final result of the work itself, this statement should not be construed as meaning that the unrestricted right to discharge is conclusive under any and all circumstances. This right is without question an important evidential fact, and in many cases, no doubt, decisive. Whether it would be decisive in this

case if established we need not determine, because the testimony here goes no further than establishing how plaintiff felt about defendant's right to discharge. Plaintiff's feeling does not establish the right.

Conceding that the cross-examination of plaintiff and other record facts indicate the relationship of master and servant, nevertheless the evidence above referred to as establishing plaintiff's status as an independent contractor required that the issue be determined by the jury. Biggins v. Wagner, supra.

The judgment appealed from is reversed.

All the Judges concur.