DUMIRE, Appellant v. MARTIN, Respondent

(174 N.W.2d 215)

(File No. 10679.  Opinion filed February 3, 1970)

**Bangs, McCullen, Butler, Foye & Simmons, Ronald Clabaugh,** Rapid City, for claimant and appellant.

**Kirby, McDonnell & Kirby, Gene McDonnell,** Sioux Falls, for employer defendant and respondent and insurer defendant and respondent.

HOMEYER, Judge.

The Industrial Commissioner denied the claim of Gordon Dumire for workmen's compensation benefits because he was an independent contractor and not an employee of the insureds when the injury was sustained. On appeal to the circuit court the Industrial Commissioner was affirmed. The claimant has appealed to this court.

There is little dispute in the facts. Dumire formerly farmed near Aberdeen in Brown County, South Dakota. He sold his farm and moved to Custer, South Dakota, about April 1, 1967. The insureds, E. Paul Martin and Harold D. Lang,[1] operated a sawmill in Custer and in addition to themselves there were five other employees at the plant. Martin testified it was unprofitable to do small cut work at the plant; that La Mar was interested in salvaging small pieces which would ordinarily be waste lumber and was looking for people who would do piecework in their basements and garages to supplement their incomes.

Dumire and his wife lived across the road from Martin and it was orally agreed that they could do piecework in a shop near his residence on a trial basis. They were to be paid $50.00 per 1000 board feet. Dumire commenced the piecework in May

---

1. The business was operated under the name of La Mar Industries and the insureds will hereafter be referred to as La Mar.

1967. As orders were received, principally from toy companies, picture frame companies and basket companies, La Mar would supply Dumire with specifications on different sizes needed to fill an order. After cutting, the lumber would be tied into bundles by Dumire and the board feet computed in each bundle. Payments were made weekly and until the time of the accident which occurred on July 21, 1967, varied from $47.25 to $74.96. La Mar did not withhold for either federal income taxes or social security taxes. In computing the workmen's compensation premium for the business as per audit, Dumire was not counted as an employee.

Dumire's wife assisted him in the work. Two power saws, the property of La Mar, were used. One was a ripsaw usually run by Dumire; the other a crosscut saw generally operated by Mrs. Dumire. Dumire had some familiarity with power saws having had one on his farm. Dumire was injured when a board with a knot in it struck the saw blade and kicked the board back into his stomach. He was momentarily dizzied, lost his balance, and his hand caught the saw blade.

About two weeks before the accident, Martin left with the weekly check a form of an agreement requiring payment of rent for the building, power saws, and electricity used at the shop. It was never signed. Concerning this Dumire said he wouldn't sign the agreement because "we were making a minimal wage as it was and  *  *  *  it wouldn't have paid us to work."

■■ This court has said in determining whether the relationship is one of master and servant or contractee and independent contractor, each case must be determined on its own facts and all features of the relationship must be considered. Steen v. Potts, 75 S.D. 184, 61 N.W.2d 825;  56 C.J.S. Master and Servant § 3(2). Principles determining the relationship were set forth in the early case of Cockran v. Rice, 26 S.D. 393, 128 N.W. 583, and have been many times repeated and considered in later cases. Baer v. Armour & Company, 63 S.D. 299, 258 N.W. 135; Schlichting v. Radke, 67 S.D. 212, 291 N.W. 585; Voet v. Lampert Lumber Co., 70 S.D. 142, 15 N.W.2d 579; Halverson v. Sono-

tone Corporation, 71 S.D. 568, 27 N.W.2d 596. To reiterate those principles is unnecessary. These cases recognize the well established tests for determining the relationship and make it plain that no hard and fast rule can be formulated to govern every case.

■ The right to control, that is the right of the person employed to control the progress of the work except as to final results appears from all of the cases to be one of the principal tests, McCarthy v. City of Murdo, 68 S.D. 12, 297 N.W. 790, although no single test is necessarily conclusive. Carlson v. Costello, 74 S.D. 36, 48 N.W.2d 825.

Concerning this important test, Dumire testified:

"Q. Now, while you did this work, you and your wife, were you on your own out there * * * you were alone?

"A. Most of the time, yes.

"Q. And did you have any fixed hours that were imposed on you?

"A. No.

"Q. You could work when and as you saw fit?

"A. Yes.

"Q. And if you wanted to take off to do something else you could do that?

"A. Yes."

■ Although not conclusive, the fact that La Mar did not carry Dumire on the company payroll, and did not withhold income taxes, and did not deduct social security taxes from amounts paid, is evidence tending to support a finding of a contractee and independent contractor relationship. See 41 Am.Jur.2d, Independent Contractors § 23; Gardner v. Kothe, 172 Neb. 364, 109 N.W.2d 405; Kamm v. Morgan, La., 157 So.2d 118. Conversely, the fact that the employer deducted from commis-

sions amounts to cover federal income taxes and unemployment taxes has been said to tend towards disproving such relationship. Lawrence v. Vail, D.C., 166 F.Supp. 777.

In the case at bar it is argued that since La Mar furnished the saws, shop, and paid the electricity these were factors showing a master and servant relationship. Furnishing equipment and tools either by a contractee or by an employee may be considered, but it is not conclusive on the relationship. See James v. McDonald, 73 S.D. 78, 39 N.W.2d 478; 99 C.J.S. Workmen's Compensation § 64(f), p. 278. It will be noted Martin said this was only on a temporary basis to see if Dumire would be interested in continuing this type of work. In our opinion the proposed agreement asking that Dumire pay for these items and which he refused to sign can be said to be evidence in support of the court's determination.

It is also contended that since La Mar provided the specifications and dimensions on the lumber to be cut and instructed as to the number of pieces to be put in each bundle and would inventory the bundles each Sunday on work done the prior week, these facts show a master and servant relationship. Possibly they could be so construed but again they are not conclusive. Because it is necessary for the contractee to exercise some supervision over an independent contractor to secure performance of the contract according to its terms and to accomplish the result intended by the parties when the contract was made does not necessarily make the contractor an employee. Industrial Indemnity Exchange v. Southard, 138 Tex. 531, 160 S.W.2d 905.

The question of whether Dumire was an employee or an independent contractor was for the commissioner to determine under all the evidence and the inferences to be drawn therefrom. This determination we are bound to accept if there is any reasonable and substantial evidence to support it. We are satisfied the findings made by the commissioner are supported by the evidence and sufficient upon which to predicate the status of Dumire as an independent contractor.

Affirmed.

All the Judges concur.