**Robert S. CLIFFORD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 68–102W.**

United States District Court, D. South Dakota.

Feb. 13, 1970.

David O. Rude, Rapid City, S. D., for plaintiff.

William F. Clayton, U. S. Atty., Sioux Falls, S. D., for defendant.

## AMENDED DECISION

BECK, District Judge.

This case against the Government under the Federal Tort Claims Act, following its denial in the proceedings before the Department of Health, Education and Welfare, was then and now following an order in this court reducing it from $10,000 in the sum of $3,657.75.

Neither the amount nor the negligence of the one on the job or such fault the proximate cause of the loss being in dispute, it is for the court as an only issue in the case the question whether or not Pat Iron Cloud under the facts was an employee of the Government and this case one which comes within the Act.

The material and controlling facts on that point are not in dispute. Pat Iron Cloud was a welder, but not a plumber, with experience as a plumber, however, over a period of eleven years. He had tools of his own, but not the required Cutter and the Blow Torch. He furnished no material. It came from the Department, including the fixtures to be installed and it came in Vans, which were supervised at the site. The contract was in low-bid form at $70 per unit and 17 houses in all. Payments were not at the conclusion of the venture, but on account and not as each house was done. Iron Cloud in his deposition at one point, admitted Twist to have been his boss later somewhat qualified. Twist, admittedly, was the supervisor as the work progressed and finally on completion of each unit. While the contract called for two houses each week, it was a provision not enforced or one which was not made a basis for any protest.

Generally, we have here a contract price for each house, provisions for completion of two each week—not strictly observed with payment dates irregular and inspections each week and finally at the close. The extent of the work was fixed in the formal contract, but with complete supervision impliedly reserved or in any event exercised.

While each case involving an employer and employee relationship is to be determined on the basis of the established facts in each case, Steen v. Potts, 75 S.D. 184, 61 N.W.2d 825; 56 C.J.S. Master and Servant § 3(2), it is established that the main test of an employee status is the right of the owner to control. It is equally important under the record as a whole that all of the facts including the control be consistent with such a status. See: Cockran v. Rice, 26 S.D. 393, 128 N.W. 583; Baer v. Armour & Company, 63 S.D. 299, 258 N.W. 135; Schlichting v. Radke, 67 S.D. 212, 291 N.W. 585; Voet v. Lampert Lumber Co., 70 S.D. 42, 15 N.W.2d 579; and Halverson v. Sonotone Corporation, 71 S.D. 568, 27 N.W.2d 596. Also, see, Buchanan v. United States, 305 F.2d 738, 742 (8th Cir. 1962) where it is said:

"* * * there is no one particular test or type of conduct which de-

termines whether a person is an independent contractor. Each case must be decided upon the facts there presented. * * * Some of the factors considered by the court in determining the question are: (1) Control of the work; (2) control of the premises; (3) control over the means of performance; (4) nature of the work done; (5) supervision of work; (6) control of personnel; (7) furnishing of personnel and material; (8) method of payment; (9) freedom of the contractor in employment policy; and (10) procurement of insurance covering personnel, social security payments, and like items."

See also, Gill v. Northwest Airlines, 1949, 228 Minn. 164, 168–169, 36 N.W.2d 785, 788; (e) that:

"The real test, however, 'as to whether a person is an independent contractor or an employe is whether the asserted employer, under his arrangement with the other party, has or has not any authoritative control of the latter with respect to the manner and means in which and by which the details of work are to be performed' (Nesseth v. Skelly Oil Co., 176 Minn. 373, 374, 223 N.W. 608), as distinguished from the right which every owner or general contractor has to supervise and co-ordinate the general work."

On those facts under the record as a whole the court finds and concludes that Pat Iron Cloud was an employee of the Government, that his negligence was the proximate cause of the admitted loss and that the plaintiff is entitled to a judgment against the Government in the sum of $3,657.75 and interest from the date of the loss at 6%.

This Amended Decision is intended as the courts Findings of Fact and Conclusions of Law in this case.

Accordingly, let judgment be entered forthwith.