SCHWAN, et al, Appellants v. PREMACK, et al, Respondents

(17 N. W.2d 911.)

(File No. 8760. Opinion filed March 9, 1945.)
Rehearing Denied April 17, 1945.

372

**E. B. Harkin,** of Aberdeen, for Appellants.

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Respondents.

RUDOLPH, J. This is a proceeding under the Workmen's Compensation Law, SDC Title 64, Ch. 64.01. The claim for compensation was presented by the parents of a deceased minor child. The question presented is whether these parents are entitled to recover under the provisions of SDC 64.0402(1), which provides for compensation to a parent for an injury to an employee resulting in death when such employee at the time of his death "was under legal obligation to support" the parents. The trial court found under the facts presented that the deceased was under no legal obligation to support his parents, the claimants. The facts disclose that the deceased, Bernard Schwan, was a high school student eighteen years of age at the time of his death. Death resulted from an injury which arose out of and in the course of his employment. Bernard lived at home with his parents and all of his earnings were turned over to his mother, Rose Schwan, who used such money for general family purposes except that Bernard was furnished some spending money and clothing. During the year preceding his death Bernard had earned and turned over to his mother $483. Bernard's father, Frank Schwan, is 56 years old and employed as a street laborer by the city of Aberdeen. For some time the father has not been physically strong but he has been kept on the payroll by the city and given light work. He has been employed in the same capacity since 1912 and

his average annual earnings during the period had been approximately $1,000. The mother, Rose Schwan, is 49 years old and has no employment other than that of a housewife. Since 1941, when Mrs. Schwan was operated for the removal of a tumor, she has been in poor health but able to do the housework with the help of a twelve-year-old daughter and a fifteen-year-old son. There were eight children in the family but at the time of the injury suffered by Bernard, only three of the children were at home. Mr. and Mrs. Schwan own a home in the city of Aberdeen valued at $2,500 and free from incumbrance. They also own the house furnishings but no other money or property. They owe no outstanding debts with the exception of a small balance remaining of Bernard's funeral expenses. It appears from the record that each of the children while living at home and working contributed to the family income and support.

Prior to the revision of the Code in 1939, dependency was the test which determined the right of parents to compensation for the loss of a son. Day et al. v. Sioux Falls Fruit Company, et al., 43 S. D. 65, 177 N. W. 816; Stratton et ux. v. Interstate Fruit Co. et al., 47 S. D. 452, 199 N. W. 117; and Leach v. J. I. Case Threshing Machine Co., 53 S. D. 13, 219 N. W. 884. The legislature in the revision of the code changed this test from dependency to the legal obligation to support. SDC 64.0402. The legal obligation to support is the test used to determine the right of the widow, child or children of a deceased employee to compensation, and in this respect no change was made in 1939. Construing the law as it existed prior to 1939 this court held that there was no legal obligation on a parent to support his adult children, other than the obligation found in the then Sec. 191 R. C. 1919, now SDC 14.0312, which provides: "It is the duty of the father, the mother, and the children, of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability." Schmidt et al. v. Clark County et al., 65 S. D. 101, 271 N. W. 667. Respondent contends that the only legal obligation of a minor child to support his parents is likewise contained in SDC 14.0312, and unless the parent is a poor person unable to support himself by work, no right to compensation exists

on behalf of a parent for the loss of a minor son under the law as now written. This contention, we are convinced, places a too narrow and limited construction upon the law. The Workmen's Compensation Act is remedial, and should be liberally construed to effectuate its purpose.

■■ Apart from the limited right of the parents to support from a minor child under the provisions of SDC 14.0312, is the right of the parent to the earnings of the child during minority. SDC 14.0319. It is from this right that a jury is privileged to infer pecuniary damage to a parent in an action by the parents based upon the child's wrongful death. Hodkinson v. Parker, S. D., 16 N. W.2d 924. It is perhaps true that the right of a parent to the child's earnings stems from the reciprocal duty on the part of the parent to support the child, but this right, as we have held, does have a pecuniary value independent of the duty to support. The present facts disclose the logic of the holding in the Hodkinson case. Bernard through his earnings the year prior to his death was responsible for nearly one-third of the family income, the record showing that the father contributed about eleven hundred dollars and Bernard four hundred and eighty-three dollars. It is clear from the record that this contribution by Bernard had a pecuniary value to the parents over and above the cost imposed by their duty to support the boy.

■ The facts disclose that the money contributed by Bernard went into the family exchequer and was used generally for the support of the family. Perhaps these parents were not "poor" within the meaning of SDC 14.0312, but certainly they were not far removed from that status, and there can be no denial of the fact that Bernard's contribution was essential if this family was to be permitted any of the most primitive comforts of life over and above bare necessities. We, therefore, have the following situation in this case: The parents had the legal right to Bernard's wages, correlatively there was the obligation upon Bernard to give his wages to his parents, this obligation was recognized and fulfilled, and the wages to which the parents were legally entitled were actually used for their support and mainten-

ance. We are convinced that where it appears, as it does in this case, that the wages of a minor son are essential and have been used to support the parents according to a reasonable standard of living, and there has been no emancipation of the minor, there exists on behalf of the minor a legal obligation to support his parents within the meaning of SDC 64.0402. Whether parents who neither need nor use the wages of a minor son for their support would be entitled to compensation, is not presented by this record.

The judgment appealed from is reversed.

All the Judges concur.