BERGREN, Respondent v. GUSTAFSON CONSTRUCTION COMPANY et al., Appellants

(68 N. W.2d 477)

(File No. 9452. Opinion filed February 4, 1955)

**Davenport, Evans, Hurwitz & Smith, and Robert C. Heege,** Sioux Falls, for employer, Insurer and Appellants.

**Boyce, Warren, Murphy & McDowell,** Sioux Falls, for Claimant and Respondent.

SMITH, J. Whether the death of the employee in the course of his employment, which resulted directly from lightning, is an injury arising out of his employment, is the question presented by this appeal in a workmen's compensation proceeding.

The principal finding from which the Industrial Commissioner concluded the injury was not compensable reads as follows:

> "That on August 25, 1952, the said deceased husband of Claimant, while in the course of his employment, arrived at a highway construction job of the said S. E. Gustafson Construction Company located in Hutchinson County, and at the time of his arrival an electrical storm was in progress; that the deceased stepped from his car, climbed upon the

road grade under construction, and while standing on the road grade, within a few feet of a metal and concrete bridge therein which was also under construction, was struck by a bolt of lightning which killed him instantly; that there was wet soil in the road grade under construction upon which he was standing, and there was also a considerable amount of at least equally wet soil to be found in an immediately adjacent draw which lay athwart the road under construction; that the road grade upon which the deceased stood was about six feet higher than any adjacent ground for a radius of two or three hundred feet and outside of such radius there was higher ground; that there was a steel caterpillar tractor standing in wet soil approximately fifty feet from the spot at which deceased was killed, which tractor weighed twenty tons and the top of which was level with the grade upon which the deceased was standing and constituted at least an equal lightning attraction to the spot in which deceased was killed; that generally the only increased hazard to which the deceased was exposed at the time he was struck by lightning was his own physical height, the ground contour, conditions and the elevations generally existing thereabouts constituting no more than typical conditions in which numerous members of the public find themselves at the time of an electrical storm. That in the nature of things some members of the public find themselves in better protected positions than other members of the public in an electrical storm, but that there is a range of hazard which is not special to any employment but is generally shared by members of the public, and the circumstances herein fall within this range and there was not herein a substantially increased hazard peculiar to the employment."

The circuit court reviewed the record on appeal and concluded that the single inference reasonably to be drawn from the undisputed facts is that the employment exposed the employee to a greater risk or hazard from lightning than

the general public, and hence that the injury arose from the employment and is compensable. The denial of award was therefore accordingly reversed and the Commissioner was directed to amend the findings and make a proper award of compensation to the claimant. The employer and its carrier have appealed to this court. We affirm the judgment of the circuit court.

The statute defines "injury" or "personal injury" as only injury by accident arising out of and in the course of the employment. SDC 64.0102(4). As we have indicated, our sole concern is whether the described injury did arise out of the employment. It is conceded that the injury was accidental and in the course of the employment.

A recognized purpose of the Workmen's Compensation Act, SDC 64.0101 et seq., is to transfer from the worker to the employer, and ultimately to the public, a greater portion of the economic loss due to industrial accidents and injuries. 58 Am.Jur., Workmen's Compensation, § 2, p. 576. The act is remedial and should be liberally construed. Meyer v. Roettele, 64 S.D. 36, 264 N.W. 191; Wilhelm v. Narregang-Hart Co., 66 S.D. 155, 279 N.W. 549; and Schwan v. Premack, 70 S.D. 371, 17 N.W.2d 911.

The phrase "arising out of * * * the employment" has been considered by this court. In Anderson v. Hotel Cataract, 70 S.D. 376, 17 N.W.2d 913, 916, we quoted with approval from the Minnesota court in Hanson v. Robitshek-Schneider Co., 209 Minn. 596, 297 N.W. 19, 21, as follows:

> " 'It is significant that in defining compensable accident the workmen's compensation law makes no mention of cause or causation as such. Impliedly, it thereby rejects or at least modifies the standard of proximate causation determinative in tort legislation. Therefore, care must be exercised lest long judicial habit in tort cases allows judicial thought in compensation cases to be too much influenced by a discarded or modified factor of decision.
>
> " 'It is apparent that the new standard "arising out of and in the course of" employment does not require that the latter be the proximate cause of

injury. If the legislature had meant that, it would have said so. The words, "in the course of" impose a requirement in respect to time and place. The phrase "out of" expresses a factor of source or contribution rather than cause in the sense of being proximate or direct.' "

In Caswell's Case, 305 Mass. 500, 26 N.E.2d 328, at page 330, the Massachusetts court borrowed the words of Lord Shaw in Thom v. Sinclair [1917] A.C. 127, Ann.Cas.1917D, 188, to indicate the sweep of this phrase. It wrote, "It need not arise out of the nature of the employment. An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects."

In Bauer's Case, 314 Mass. 4, 49 N.E.2d 118, at page 119, that court said, " 'If a workman is injured by some natural force such as lightning, the heat of the sun, or extreme cold, which in itself has no kind of connection with employment, he cannot recover unless he can sufficiently associate such injury with his employment. This he can do if he can show that the employment exposed him in a special degree to suffering such an injury.' "

Similar passages are found in the following decisions dealing with injuries by lightning. Mixon v. Kalman, 133 N.J.L. 113, 42 A.2d 309; McKiney v. Reynolds & Manley Lumber Co., 79 Ga.App. 826, 54 S.E.2d 471; Madura v. City of New York, 238 N.Y. 214, 144 N.E. 505; Newman v. Industrial Commission, 203 Wis. 358, 234 N.W. 495; and Crutchfield v. Bogle, Okl., 270 P.2d 640. The cases are collected in annotations in 13 A.L.R. 977; 40 A.L.R. 401; 46 A.L.R. 1218; and 53 A.L.R. 1084, and 83 A.L.R. 235.

In Schneider, Perm.Ed., Vol. 6, § 1553, p. 89, it is written, "A reasonable interpretation of the general rule relating to injuries or death resulting from lightning, may be said to be that where the nature of the employment, or some condition therein or environment thereof, combines with the elements to produce injury or death, such injury or death is compensable as arising out of a risk incident in that employment."

■ The crucial inquiry, in our opinion, is whether the employment, viewed in any of its aspects, contributed to the injury of the deceased.

■ These facts appear without dispute in the record. The employer had just constructed a new ten-foot grade of wet earth. The duties of the employee placed him on that grade at the moment of his death. As he stood there his head projected several feet above any other object within a radius of at least 200 feet. The only expert testimony in the record is that because of his position on that wet grade, with his body projecting above his surroundings, deceased's peril was increased. The expert further testified that his altitude was more significant than the mass of the steel track caterpillar which stood on somewhat lower wet ground 50 feet away. According to the record, except for the described conditions contributed by the employment, the employee would not have been injured. In our opinion the only inference permissible therefrom is that the deceased received the discharge of a particular bolt of lightning because of his exposed position on the described moist grade. It was the employment which threw up the new wet grade and placed the employee in a position of peril thereon. Hence, we conclude that the injury arose from the employment.

■ Whether, under other circumstances, a comparison of the lightning hazard of those in the employment with that of others in the community may aid in determining the causal relation of the employment to a particular injury, we need not now decide. It is our view that neither the words nor the spirit of the act indicate an intention to deny compensation because the conditions contributed by the employment are but typical of those natural conditions which may expose the general public to the hazard of lightning, if it does appear that conditions actually contributed by the employment have combined with the elements to cause the employee to be struck by a particular bolt of lightning.

■ Because the record will only support the single inference that the injury arose out of the employment, compensability becomes a question of law. Schlichting v. Radke, 67 S.D. 212, 291 N.W. 585.

The judgment of the circuit court directing a proper award of compensation is affirmed.

All the Judges concur.