KING,  Respondent

v.

JOHNSON BROS. CONSTRUCTION COMPANY et al., Appellants

(155  N.W.2d  183)

(File No. 10431.  Opinion filed December 21, 1967)

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for employer-insurer and appellants.

**Claude A. Hamilton, Blaine Simons,** Sioux Falls, for claimant and appellee.

HOMEYER, Presiding Judge.

This is a Workmen's Compensation case. The Industrial Commissioner denied death benefits to claimant, Anna King, the widow of Lester King, and to their six minor children. An appeal was taken to the circuit court where the Commissioner was reversed and judgment entered directing the Commissioner to enter an award of compensation. The employer and insurer appeal.

On November 18, 1963, Lester King was employed by Johnson Bros. as the operator of a gravel truck. Shortly after the noon

hour on that day while in the course of his employment his gravel truck went off the highway at a point about six miles north of Menno, South Dakota. The truck was loaded with gravel and was proceeding in a southerly direction down a rather steep hill. It gradually went off the road, down a steep embankment, through a barbed wire fence, across a pasture, across a small creek, and crashed into a bank of earth where it upset and caught fire. King was dead when his badly burned body was discovered in the truck. The truck was in good mechanical condition; the brakes had been repaired in Sioux Falls two or three days before.

No witnesses observed the truck leave the road or during its subsequent journey to destruction. Persons on the scene shortly afterwards took pictures which show the path it made. They also testified to distances. The evidence shows that from the crest of a hill the truck gradually went off the road to the left; that it angled for about 990 feet before reaching the edge of the road; that the tracks continued in a straight line for about 675 feet from the edge of the road to a fence line, and then continued in a straight line about 1050 feet to the north edge of a creek, and then across the creek into a high bluff south of the creek. Witnesses testified there was no evidence of brakes having been applied and no skid marks; that the tracks appeared to have been made from rolling wheels. From the exhibits it appears no attempt was made to steer the truck. The pasture was large enough so that the truck could have been turned to avoid going across the creek and into the bank. The Commissioner viewed the scene at the time of the hearing.

King was 45 years of age and in good health. He was not known to have heart trouble. There was no evidence of unusual strain. He started to work about 6:30 a. m. that day and had hauled five or six loads of gravel on round trips of eight or ten miles each—each trip taking about 45 minues—before the mishap. He was not required to do any heavy lifting or shoveling. He had lunch at noon on the job and during the noon hour when asked how things were going, he responded: "Not too bad, just that I don't feel good."

The Commissioner found that the only reasonable inference to be drawn from the evidence was that King's death resulted from natural causes and there was no causal relationship between his employment and death. He concluded that claimant had failed to sustain the burden of proving that King's death was caused by accident arising out of his employment or resulted from other than natural causes.

▮▮▮ The claimant has the burden of proving all facts essential to compensation, and if she fails to meet such burden of proof, the Commissioner has the duty to deny compensation. Edge v. City of Pierre, 59 S.D. 193, 239 N.W. 191; Cooper v. Vinatieri, 73 S.D. 418, 43 N.W.2d 747; Howe v. Farmers Cooperative Creamery of Madison, 81 S.D. 207, 132 N.W.2d 844. The essential facts need not necessarily be proved by direct evidence, but may be established by reasonable inferences from facts known to exist. Schlichting v. Radke, 67 S.D. 212, 291 N.W. 585. A reviewing court does not trespass upon the defined jurisdiction of the Industrial Commissioner, the fact finding forum, and his findings must be accepted if there is any substantial credible evidence in support thereof. Edge v. City of Pierre, supra.

▮▮▮ The statute, SDC 1960 Supp. 64.0102(4), defines injury for which compensation may be awarded as only injury by accident arising out of and in the course of the employment. The parties stipulated and the court found King was in the course of employment at the time of his death. We are concerned with whether King's death arose out of his employment. Of course, if King died from natural causes, it was not caused by accident within the purview of the Workmen's Compensation Law.

▮▮▮ The words "by accident" as used in the statute have been said to mean that the injury or death is unlooked for and unexpected; it is not necessary that the cause itself should be untoward or unexpected occurring without design. Johnson v. La Bolt Oil Company, 62 S.D. 391, 252 N.W. 869; Meyer v. Roettele, 64 S.D. 36, 264 N.W. 191. Injuries are caused by accident according to the quality of the result rather than the quality of causes. Taylor Oil Co. v. Imperial Casualty & In-

demnity Company, 82 S.D. 298, 144 N.W.2d 856. We believe the record shows there was an accident when the truck King was operating in the course of his employment left the road and overturned. The question for determination is whether King's death was caused by or resulted from such accident. If King was alive when the truck overturned, we believe the inevitable conclusion is and must be that his death occurred by accident arising out of his employment. The burden of proof is upon the claimant and it is not sustained when the probabilities are equal. Mehlum v. Nunda Cooperative Ass'n, 74 S.D. 545, 56 N.W.2d 282.

In Anderson v. Hotel Cataract, 70 S.D. 376, 17 N.W.2d 913, this court read the words "arising out of * * * the employment" according to their natural and ordinary meaning in holding that an assault upon an employee by another employee causing death arose out of his employment. The court said "But for that employment and the presence of the decedent at his post of duty in the engine room, the assault would not have been made." The Commissioner had denied compensation. The circuit court reversed and this court affirmed the circuit court.

In Bergren v. S. E. Gustafson Construction Co., 75 S.D. 497, 68 N.W.2d 477, the Commissioner denied compensation and the circuit court reviewed the record on appeal and concluded the single reasonable inference to be drawn from the undisputed facts was that an employee's death from lightning while working arose from the employment and was compensable. Referring to the Anderson case, supra, the Minnesota court in Hanson v. Robitshek-Schneider Co., 209 Minn. 596, 297 N.W. 19, 21, was quoted: "The words, 'in the course of' impose a requirement in respect to time and place. The phrase 'out of' expresses a factor of source or contribution rather than cause in the sense of being proximate or direct." See also Krier v. Dick's Linoleum Shop, 78 S.D. 116, 98 N.W.2d 486.

When claimant's decedent was found dead along a highway in a wrecked automobile "which had run off the highway embankment into a ditch, and turned over," and apparently alone, an award was allowed in holding the evidence sufficient to show death arising out of and in the course of employment.

Leach v. J. I. Case Threshing Machine Co., 53 S.D. 13, 219 N.W. 884.

■ This court has heretofore not had occasion to consider unexplained deaths in workmen's compensation cases, but most courts when confronted with the problem have adopted the rule that when an employee is found dead under circumstances indicating death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death, there is a presumption or inference that death arose out of the employment. Larson, Workmen's Compensation Law, Vol. 1, § 10.32. In such text jurisdictions so holding are listed as well as those committed to what is termed the minority view. See also Schneider, Workmen's Compensation, Vol. 4, § 1334; 58 Am.Jur., Workmen's Compensation, § 437. In our opinion the rule stated is sound and we adopt it. It reflects the liberal intent and purpose of the Workmen's Compensation Act.

The reason for the rule appears in Chillstrom v. Trojan Seed Co., 242 Minn. 471, 65 N.W.2d 888: "In unwitnessed death cases, as here, the claimant is placed in an extremely difficult position. * * * 'The death of the employee usually deprives the dependent of his best witness—the employee himself—and, especially where the accident is unwitnessed, some latitude should be given.' "

■ ■ The presumption, however, is a procedural presumption and disappears when the employer produces rebutting evidence on the issue and thereafter the issue must be determined on the evidence as though no presumption had ever existed. In this state the presumption is not weighed as evidence although some states have taken a contrary position and give evidentiary effect to a presumption. See Annot. in 5 A.L.R.3d, § 3(b), p. 35. In an early and often cited case, Peters v. Lohr, 24 S.D. 605, 124 N.W. 853, 855, this court said:

"A presumption is not evidence of anything, and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining a matter in issue. A presumption will serve as and in the place of evidence in favor of one party or the other until prima

facie evidence has been adduced by the opposite party; but the presumption should never be placed in the scale to be weighed as evidence. The presumption, when the opposite party has produced prima facie evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponent's prima facie evidence with evidence, and not presumptions. A presumption is not evidence of a fact, but purely a conclusion."

The function of a presumption was discussed by Judge Rudolph in Honrath v. New York Life Insurance Co., 65 S.D. 480, 275 N.W. 258, 112 A.L.R. 1272, and Headlee v. New York Life Ins. Co., 69 S.D. 499, 12 N.W.2d 313, quoting extensively from Wigmore on Evidence, 3rd Ed., § 2491, "the peculiar effect of a presumtion 'of law' (that is, the real presumption) is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent."

A presumption takes the place of evidence "unless and until evidence appears to overcome or rebut it, and when evidence sufficient in quality appears to rebut it the presumption disappears and thereafter the determination of the issues depends upon the evidence with the requirement as in other civil actions that the party having the affirmative of the issue involved in order to succeed shall sustain his position by a preponderance of the evidence." In re Drake's Estate, 150 Neb. 568, 35 N.W.2d 417, 423. See also Peters v. Lohr, supra; Headlee v. New York Life Insurance Co., supra; McKiver v. Theo. Hamm Brewing Co., 67 S.D. 613, 297 N.W. 445; Fancher v. North Dakota Workmen's Compensation Bureau, N.D., 123 N.W.2d 105.

In Lunde v. Dwyer, 74 S.D. 559, 56 N.W.2d 772, the court recognized proof of the fact of ownership of an automobile and presence of the owner therein as raising a presumption of law that the owner was driving when an accident occurred. However, such legal presumption had spent its force and was no longer applicable when prima facie evidence of the fact in issue had been introduced. The court analyzed the evidence introduced to dispel the presumption and concluded that it was

sufficient for that purpose. With such presumption out of the case, the court then considered the facts upon which the rebutted presumption rested according them their full probative force and held that the plaintiff had failed to establish his case.

Courts have differed in stating the quality and quantity of evidence required to remove a legal presumption. Frequently they say the evidence must be substantial. Sometimes it is termed as "credible", or "positive", or "satisfactory" evidence. See Annot. 5 A.L.R.3d, § 6, pp. 55, 56. South Dakota in the Peters case said prima facie evidence is necessary, but the Lunde case makes it evident that there must be enough evidence to serve as the basis for a logical inference contrary to the presumption. A legal presumption will not disappear if no countervailing evidence is offered or that which is offered is only a scintilla, or amounts to no more than speculation, surmise or conjecture. Hinds v. John Hancock Mutual Life Insurance Co., 155 Me. 349, 155 A.2d 721, 85 A.L.R.2d 703.

■■■ We have carefully considered the nature of the evidence produced by the employer and conclude it does not suffice to rebut the presumption to which we have alluded. To infer that King had died from natural causes before the truck crashed into the river bank and burned him is sheer speculation and conjecture. It is contrary to human experience. Conceding there was no burden upon appellant to prove that King died from natural causes, nevertheless it was necessary to produce some evidence giving rise to a logical inference that he was dead when the truck in which he was found upset and burned. In our mind more was required than to show the itinerary of an uncontrolled motor vehicle and the state of repair of such vehicle. This evidence might permit an inference that something happened to King as the truck descended the hill, crossed to the wrong side of the roadway, and traversed the field and creek bed. He may have been unconscious; he may have frozen at the wheel; he may have fainted; he may have had a stroke, an epileptic fit or a heart attack. He may have had any one of these, yet none may have caused his death. It is common knowledge that a large percentage of people sus-

taining coronaries survive and lead active lives. If the defendant was alive, although unconscious, and death resulted when the truck upset and burned, claimant is entitled to compensation. Elmstrand v. G & G Rug & Furniture Company, 77 S.D. 152, 87 N.W.2d 606.

■■ Upon the record before us and giving claimant the benefit of the legal presumption to which she was entitled, we hold the Commissioner erred as a matter of law in concluding the burden of proof had not been sustained to show a compensable death. Because the record will support only a single logical inference, the question of compensability became a matter of law. Bergren v. Gustafson, supra; Campbell v. City of Chamberlain, 78 S.D. 245, 100 N.W.2d 707; Oviatt v. Oviatt Dairy, Inc., 80 S.D. 83, 119 N.W.2d 649.

■ Claimant refused appellants permission to have an autopsy performed upon the body of her husband. Appellants contend this prevented positive evidence of the cause of death and a search for the truth and consequently she cannot recover compensation. We see no merit in this contention. The South Dakota Workmen's Compensation Law does not require the claimant to consent to an autopsy. Neither does it authorize the Industrial Commissioner to order an autopsy to determine the cause of death. In claims for compensation for death from occupational diseases, the legislature directed where an autopsy is necessary to accurately and scientifically determine the cause of death, it shall be ordered by the Commissioner or the medical panel. SDC 1960 Supp. 64.0823. Had the legislature intended this to be a condition to an award in cases of accidential death, it could easily have so provided. A failure so to do shows a contrary intention.

In a somewhat analogous case, Taylor's Case, 127 Me. 207, 142 A. 730, the Maine statute was silent on autopsies and it was contended claimant's refusal to permit an autopsy was similar in principle to unreasonably refuse to submit to medical and surgical treatment which had been held to present a question of fact for determination by the Commissioner. The Maine court disposed of this contention with the succinct statement "our

statute has no provisions for an autopsy; and not permitting one to receive compensation for an injury which proper medical or surgical treatment would or might reasonably expect to terminate and not requiring a petitioner to consent to hold a post-mortem examination to obtain evidence of the cause of death are not in principle the same."

The Commissioner received in evidence as Exhibit 11 a certified copy of an entry in the death register in the office of the Clerk of Courts in Hutchinson County. It appears to have been taken from information supplied by the county coroner who was also an undertaker. It lists the cause of death as a "coronary thrombosis while driving a gravel truck." The undertaker did not testify and we are without knowledge as to the basis for such statement. Upon the record before us we hold the statement contained in the exhibit pertaining to cause of death had no probative value.

Judgment affirmed.

All the Judges concur.