MIDDLE CREEK SCHOOL DISTRICT NO. 18 and
HENRY THOMPSON, Respondents
v.
BUTTE COUNTY BOARD OF EDUCATION, Appellant

(155 N.W.2d 450)

(File No. 10426. Opinion filed January 16, 1968)

**Gale B. Wyman** and **Walter Mueller,** Belle Fourche, for defendant and appellant.

**Bangs, McCullen, Butler & Foye,** Rapid City, for plaintiffs and respondents.

ROBERTS, Judge.

Appeals to the Circuit Court of Butte County from a decision of the county board of education of that county arising out of proceedings to attach the Middle Creek School District No. 18 to the Belle Fourche Independent School District were taken by the Middle Creek School District and Henry Thompson, a resident and taxpayer of the district. After consolidation and trial of the appeals, the circuit court entered its judgment reversing the action of the county board.

The appeal to this court presents for our determination the questions (1) whether the decision merging the school districts was reviewable on the appeals to the circuit court and (2) if the appeals were timely and the circuit court acquired jurisdiction whether the record sustains the determination of the trial court

to the effect that the county board of education not having adopted a master plan acted beyond the scope of its authority in merging the school districts.

Chapter 15.20 of the 1960 Supplement to the South Dakota Code of 1939 is entitled "School District Organization" and deals with the formation of school districts. The issues before us arise within the purview of this chapter and amendments thereto.

SDC 1960 Supp. 15.2001 contains definitions of terms used in the chapter unless the context clearly requires otherwise. Subdivision (1) thereof as amended by Chap. 69, Laws 1961, defines the term "reorganization" to mean and include "the formation, consolidation, or subdivision of school districts."

SDC 1960 Supp. 15.2018 as amended by Chap. 73, Laws 1963,[1] contained these provisions: "The county board of education may attach any school district which has failed to operate a school during the preceding two school fiscal years to another school district or districts." The attachment of a school district under these provisions constitutes a "reorganization". Knodel Common School Dist. No. 58 v. County Board of Education, 82 S.D. 185, 144 N.W.2d 38.

An appeal from the decision of a county board reorganizing school districts to the circuit court is governed by the provisions of SDC 1960 Supp. 15.2023[2] read together with the statute providing generally for appeals from school board decisions.[3] Piedmont Ind. School Dist. No. 34 v. Meade County Board of Education, 78 S.D. 384, 103 N.W.2d 177; County School Board v. Cottonwood School Dist. No. 41, 81 S.D. 530, 137 N.W.2d 882. The provisions of that section applicable to an appeal from a decision of the county board involving a reorganization of school districts reads: "Any party feeling aggrieved by any decision of the county board * * * involving the preparation and approval of the master plan or involving any other decision which such boards * * * are obligated or empowered to make

---

1. Last amended by Chap. 40, Laws 1967.
2. This section was later amended by Chap. 42, Laws 1966.
3. SDC 1960 Supp. 15.2344 is applicable insofar as it provides the procedure for taking appeals.

under the provisions of this chapter shall be entitled to appeal such decision within ninety days to the Circuit Court".

The facts are stipulated, but need not be stated in detail. It appears that Middle Creek School District had not operated a school for more than two years and that a proposal to attach the same to another district met with opposition. At a meeting of the county board on January 9, 1964, a resolution providing that such district be attached to Belle Fourche Independent School District was considered by the county board and rejected. The resolution was thereafter considered by the board and adopted on September 24, 1964. The county board had not previously adopted a master plan for the county, but was operating under a county unit master plan as authorized by SDC 1960 Supp. 15.2007(8). The resolution discloses that the question of attachment was determined and resolved as follows:

> "Whereas, Sec. 15.2018 of the South Dakota Code, 1960 Supplement, as amended by Chapter 73 of the 1963 Session Laws provides for combination of school districts by the County Board of Education; * * * Now, therefore, be it resolved, That 'Middle Creek School District Number Eighteen (18)' of Butte County, South Dakota, be, and the same is hereby, attached to 'Belle Fourche Independent School District Number Twenty-Six (26)' of Butte County, South Dakota, and that such attachment be effected according to the statutes and laws in such cases made and provided."

It is clear that this is a reorganization decision involving the attachment of a nonoperating school district to another school district within the meaning of the 1963 amendment of section 15.2018.

The appeals to the circuit court were taken on April 14, 1965, from the decision of the county board of education dated January 21, 1965, and there is attached to each notice of appeal a copy of the minutes of the meeting of the county board of that date with the recitals that the same is attached to and made a part of the notice and that the appeal is from the whole of the decision. It is the contention of respondents in this court that

the decision of January 21, 1965, was the final action of the county board combining the two school districts and that the appeals to the circuit court were within the statutory ninety days and therefore effective and timely. The minutes of the county board meeting of October 22, 1964, show this entry: "The annexation of Middle Creek was discussed. It was decided that the States Attorney be instructed to make the necessary study of the correct way to implement this and to notify the Supt. It was generally agreed that the effective date be July 1, 1965 with a definite decision to be made following Mr. Anderson's recommendation." The minutes of the meeting of the board on January 21, 1965, show the following action: "It was moved by Vallery, seconded by Fishel, that the effective date of the attachment of Middle Creek District, No. 18, to the Belle Fourche Independent District, No. 26, be March 1, 1965 with the new district thus formed to become operative on July 1, 1965. The County Superintendent of Schools was instructed to draw up an agreement of distribution of assets and liabilities to be signed by all Board members of the two districts."

▆▆▆▆ An appeal from the action of public officers or boards to the circuit court must be invoked in the manner prescribed by statute. Camp Crook Independent School Dist. No. 1 v. Shevling, 65 S.D. 14, 270 N.W. 518. If a circuit court is without jurisdiction of the subject matter in litigation, this court does not acquire jurisdiction thereof by appeal to it from the final order or judgment of the circuit court.

▆▆ On September 24, 1964, as heretofore stated, the county board formally adopted a resolution attaching the Middle Creek School District to the Belle Fourche Independent School District and no further action was necessary to make it complete. It was a decision within the terms of section 15.2023, supra, from which any party aggrieved was entitled to appeal within ninety days to the circuit court. Insofar as the legality and appealability of the decision are concerned, it was not affected by statutory provisions fixing the time when the alteration would become operative. SDC 1960 Supp. 15.2005(6). Neither was the adjustment of the assets and the liabilities of the districts in-

volved a condition precedent to the decision. The notices of appeal were not served until after the ninety-day period and consequently review of the validity of the merger decision was not available to an aggrieved party.

We conclude that the judgment below should be reversed and the cause remanded with directions to order a dismissal of the appeals to the circuit court.

Reversed and remanded with directions.

All the Judges concur.