JOFFER, Appellant

v.

CRUSY'S POWER BRAKE & SUPPLY, INC. et al., Respondents

(156 N .W.2d 189)

(File No. 10451. Opinion filed February 19, 1968)

**Edwin C. Parliman,** Sioux Falls, for claimant and appellant.

**Gene E. Pruitt, Willy, Pruitt & Matthews,** Sioux Falls, for defendants and respondents.

BIEGELMEIER, Judge.

Claimant employee filed a petition for hearing on his claim for an award under the South Dakota Workmen's Compensation Law. SDC 64. After a hearing, which was adjourned for taking a further deposition, the Industrial Commissioner denied an award. This appeal is from a Judgment of the circuit court affirming the Commissioner's action.

Claimant began work the morning of December 20, 1965. Just before quitting time that day he was putting a spring back under a trailer. As he was bending over he testified he felt a sharp pain and cramp in his back. He went home but had difficulty sleeping and on returning the next morning he tried to work but told his foreman he had hurt his back and could not stand it anymore and went home. The Commissioner found as

a fact and concluded claimant had failed to prove a permanent-partial disability attributable to the injury sustained December 20, 1965. His written opinion contained pertinent parts of the first (August 1966) deposition of the medical expert. It will be observed the questions, while leading and suggestive of an answer, were answered guardedly by the doctor. They were:

" 'Q. From the history that the claimant, Mr. Joffer, gave you, is it your opinion that this protruded L3 disc was caused by his accident at Crusy's Brake Service on the twentieth of December, 1965?

" 'A. Well, I couldn't say with absolute certainty on that. I don't know. The history is suggestive of that.

\* \* \* \* \* \*

" 'Q. And is this protruded L3 disc of such a serious nature, taking into account his complaints and the fact he has been unable to return to work and that he has tried to work, that he would be at this time totally disabled, Doctor?

" 'A. Well he **could** or **could not be.** I haven't seen him since June and I don't know this for a fact.

\* \* \* \* \* \*

" 'Q. Now I believe you stated that your history from the patient showed that he had been lifting at the time he complained of this pain and I will ask you this, Doctor, would the fact that a man who had been lifting with his arms and working on vehicles such as the patient was, would this necessarily cause this disc to become protruded?

" 'A. Not necessarily.

\* \* \* \* \* \*

" 'Q. As I understand your testimony on direct examination, Doctor, you cannot say with reasonable medical

certainty that this disability that he presently sustained is caused solely as a result of lifting at the Crusy's Brake Service on December 20, 1965?

" 'A. No, I couldn't say it was solely caused by that.

\* \* \* \* \* \*

" 'Q. Doctor, considering that this claimant came in to you complaining of pain in his back and gave a history of lifting and hurting his back at Crusy's Brake Service on the twentieth, it is within reasonable medical probability that this lifting and accident at Crusy's Brake Service that he complained of could cause this injury, is that not correct?

" 'A. Yes, a guy could cause it.

" 'Q. It could be caused by the lifting that he did at Crusy's Brake Service, is that right?

" 'A. Yes.' "

The later November deposition included:

" 'Q. Now Doctor, from this examination (September 26, 1966) what degree of impairment did you find resulting from the accident of December 20, 1965?

" 'A. It is my opinion that on the basis of my examination, that this man has at present a partial permanent physical impairment of ten per cent of the whole man.' "

The Commissioner's opinion (See Campbell v. City of Chamberlain, 78 S.D. 245, 253, 100 N.W.2d 707, 711, for similar references) stated the issues and disposition as:

"It is undisputed that claimant suffered a compensable injury on December 20, 1965 and as indicated, the employer-insurer has paid temporary-total disability as well as medical and hospital costs incurred up until June 2, 1966.

"The sole issue in this case is whether claimant is entitled to an Award for permanent-partial disability related or attributable to said injury.

\* \* \* \* \* \*

"After a careful review of all the testimony, records and files I am inclined to the view that claimant has failed to sustain the burden of proof required to establish permanent-partial disability attributable to his compensable injury suffered on December 20, 1965.

"The fact that it could have been responsible for his 10% impairment cannot be based on speculation alone, and the medical testimony has to establish that fact and the objective findings failed to do so."

This was not the first time claimant had trouble with his back. In 1966 he was 43 years old and testified "it started when I was just a little kid. I jumped over a fence and I laid a week in bed. I was sick \* \* couldn't eat or anything". He was then treated by a doctor but had more or less continuous trouble with his back until 1955 at which time he was 32 years old. He related some of his various employers and the clinics and chiropractors consulted for treatments of his back. He quit almost every job he had because of his back until a 1955 operation to remove a disc. From 1956 to 1961 he gave the names of several employers, but worked for so many he was unable to remember all of them. He again consulted a doctor regarding his back in 1961 because of pain resulting from bending over to pick up a case of eggs. One employer let him go after an accident, another "fired" him after one or two days and still another after a caterpillar tractor rolled off the truck he was driving.

The court has set forth guide lines in a series of opinions, including Edge v. City of Pierre, 59 S.D. 193, 239 N.W. 191; Riccord v. John Burns Memorial Hospital, 82 S.D. 68, 141 N.W.2d 160; King v. Johnson Bros. Construction Company, 83 S.D. 69, 155 N.W.2d 183; Campbell v. City of Chamberlain, supra. They declare the claimant has the burden of proving all facts essen-

tial to compensation and if he fails to meet such burden of proof the Commissioner has the duty to deny compensation. The trial forum for ascertaining facts is the Commissioner and facts so found must be accepted by the reviewing court, unless so palpably erroneous on the record as to be unreasonable; such findings standing substantially upon the same plane as a jury verdict.

Claimant's brief calls our attention to the Campbell opinion which states circumstances may justify the trier of fact in disregarding expert testimony, but uncontradicted and undisputed testimony of an expert dealing with a scientific issue should not be arbitrarily disregarded. On this premise he quotes and contends the doctor's answer to the last question asked him at the second deposition compels application of the Campbell opinion and a reversal by this court. That question and answer were:

"Q. To clear up this matter, Doctor, would you say the major cause then of the disability, permanent disability of the claimant is the protruded L3 disc which, of course, **we claim** was injured in the accident on December 20, 1965?

"A. I do." (Emphasis supplied.)

The doctor also testified:

"Q. Isn't it a fact, Doctor, that his back probably will not improve without surgery?

"A. Well, most of these disc cases, they do improve some. They kind of have cyclic episodes. For example, I have a man down to Morrells that has three protruded intervertebral discs shown on the myelogram, but after he had his myelogram he got to feeling better and he has been working there without missing any time from work for quite a long time now. So I hate to say as a fact that the statement you made—"

 The Commissioner could consider the doctor's testimony in its entirety. Oviatt v. Oviatt Dairy, Inc., 80 S.D. 83, 94,

119 N.W.2d 649, 655. He passes on its weight and as the value of the expert's opinion is dependent on the facts upon which it is predicated, it is his province to give it the probative value that foundation supports. Oviatt v. Oviatt Dairy, Inc., supra. Where the findings are adverse to claimant, having the burden of proof, they cannot be disturbed on appeal excepting only where it appears in the record that claimant has established the existence thereof by such clear preponderance of evidence that it was unreasonable for the trier of fact to fail affirmatively to find such facts. Edge v. City of Pierre, 59 S.D. 193, 201, 239 N.W. 191, 194. Much of the doctor's testimony was based on assumed facts as to claimant's ability and willingness to work which, with his history of continued back trouble, accidents, changing of jobs and low earnings was such as to permit a conclusion that before the December 20, 1965 accident claimant had a "physical impairment of ten per cent of the whole man" which the doctor testified he had after the claimed accident. Even in that condition he was entitled to, as the Commissioner found and he was paid, the medical, hospital costs and compensation for the compensable injury suffered December 20, 1965 over the six months period for temporary-total disability. That situation is not in opposition to the Commissioner's decision on the permanent disability issue as he could well have concluded claimant had regained his former condition and denied the award for that reason. The quotations of testimony in the Commissioner's opinion indicate the parts he believed and upon which he rested his decision.

The Oviatt opinion recognized the purpose of the Workmen's Compensation Law was to transfer from the worker to the employer, and then to the public, a greater portion of the economic loss due to industrial accidents, that it is remedial in character and should be liberally construed. However, it does not permit the court under the scope of review mentioned to overturn the findings and denial of award on the record here presented.

Affirmed.

All the Judges concur.