KRAFT, Respondent v. KOLBERG MFG. CO., et al., Appellants

(215 N.W.2d 844)

(File No. 11249. Opinion filed March 19, 1974)

Order denying petition for rehearing April 19, 1974

**Woods, Fuller, Shultz & Smith,** and **Timothy J. Nimick,** Sioux Falls, for appellants.

**Elmer E. Gemar,** Tyndall, for respondent.

WINANS, Justice.

In this Workmen's Compensation proceeding the employer Kolberg Manufacturing Company, and its insurer, Travelers Insurance Company, appeal from a judgment of the Circuit Court of Yankton County affirming an award for compensation benefits granted by the Deputy Industrial Commissioner. The award in this case was based upon a finding that the claimant was suffering from an Occupational Disease as defined under the Occupational Disease Law.

The claimant, George C. Kraft, was employed by Kolberg Manufacturing Company from August 1967 through October 5, 1967. Employed as a painter, the bulk of Kraft's work was done inside an enclosed building. During this period of employment, the claimant, who had prior to this time been in reasonably good health, became ill, had to seek medical attention, and was hospitalized on two different occasions. As a result of this illness, Kraft was forced to terminate his employment with Kolberg.

SDCL Chapter 62-8 deals with occupational diseases of the type alleged in this action. SDCL 62-8-2 enumerates which diseases will be classified as occupational diseases for our consideration, and in part states:

> "only the diseases enumerated in this section shall be deemed to be occupational diseases * * *. No diseases or aggravation thereof, except those in this section defined shall be deemed occupational diseases and compensable as such."*

The findings of fact of the Industrial Commissioner concluded that during the claimant's employment, the claimant "inhaled

---

\* SDCL 62-8-2 repealed by Ch. 286, § 2, Laws of 1971.

SDCL 62-8-1(4) amended by Ch. 286, § 1, Laws of 1971.

Zinc Chromate paint fumes" and "as a result of the above conditions, the claimant suffered bronchitis and bronchiolitis due to chemical irritation and pneumonia due to chemical irritation." The appellant would contend the condition is not one which was specifically enumerated by SDCL 62-8-2, and, accordingly, no recovery can be had for his condition. In addition, the appellant contends the claimant failed to sustain his burden of proof, regarding the causation of the claimant's condition.

Prior to dealing with the contentions raised by the appellant, the rule of review for this case should be recognized. This rule was set forth in Joffer v. Crusy's Power Brake & Supply, Inc., 83 S.D. 191, 156 N.W.2d 189, where the court stated:

"The trial forum for ascertaining facts is the Commissioner and facts so found must be accepted by the reviewing court, unless so palpably erroneous on the record as to be unreasonable; such findings standing substantially upon the same plane as a jury verdict."

Any consideration of the rule quoted above should be made together with the well established principle, the claimant has the burden of proving all facts essential to compensation and if he fails to meet such burden of proof the Commissioner has the duty to deny compensation. Edge v. City of Pierre, 59 S.D. 193, 239 N.W. 191; Riccord v. John Burns Memorial Hospital, 82 S.D. 68, 141 N.W.2d 160; King v. Johnson Bros. Construction Company, 83 S.D. 69, 155 N.W.2d 183; Campbell v. City of Chamberlain, 78 S.D. 245, 100 N.W.2d 707; Joffer v. Crusy's Power Brake & Supply, Inc., supra.

Having recognized the burden of proving all the essential facts of his claim is on the claimant, it becomes necessary to evaluate the evidence to determine whether the claimant has in fact met this burden. It should be noted proof need not arise to a degree of absolute certainty, but an award may not be based upon mere possibility or speculative evidence. Mehlum v. Nunda Cooperative Ass'n, 74 S.D. 545, 56 N.W.2d 282. Before any award may be sustained, the findings of fact of the commissioner must be supported "by substantial, credible,

and reasonable evidence." Oviatt v. Oviatt Dairy, Inc., 80 S.D. 83, 119 N.W.2d 649. The evidence must support the commissioner's finding that the claimant was exposed to zinc chromate paint fumes, and this exposure had the causal effect of precipitating the condition of which the claimant complains. This determination must be made preliminary to any conclusion as to whether or not the illness was in fact an enumerated occupational disease.

■ The appellant would contend there is no definitive support for the contention exposure to zinc chromate paint fumes caused the claimant's condition. The evidence presented as to the actual precipitating cause of claimant's illness, is sufficient. As previously noted proof need not rise to a degree of absolute certainty. Addressing itself to the question of what quantum of proof need be established in each case, this Court in King v. Johnson Bros. Construction Co., supra, stated:

"The essential facts need not necessarily be proved by direct evidence, but may be established by reasonable inferences from facts known to exist. Schlichting v. Radke, 67 S.D. 212, 291 N.W. 585."

The facts known to exist in this case were the claimant had experienced reasonably good health prior to taking the job with Kolbergs; claimant had experienced no prior lung difficulty; claimant spray painted machinery inside an inadequately ventilated work area; the claimant inhaled zinc chromate paint fumes; after about six weeks of work at Kolberg's he became ill and hospitalized; and the claimant suffered bronchitis and bronchiolitis due to chemical irritation and pneumonia due to chemical irritation. From these facts inferences could be drawn that this exposure did have the causal effect of precipitating the condition of which claimant complains.

We feel that the facts, circumstances, and conditions testified to by the claimant and the medical witnesses would establish but a single fair and reasonable inference, that being the claimant's exposure to the zinc chromate fumes was the cause of the claimant's condition and the claimant has sustained his burden of proof as to cause.

■ The appellant further contends even if the evidence was sufficient to show the claimant's condition was caused by inhalation of zinc chromate paint fumes, this is not a condition which would entitle him to compensation for an occupational disease. Specifically, the appellant contends the claimant's condition was not one enumerated in SDCL 62-8-2 and according to the language found in SDCL 62-8-2 limiting recovery to only those diseases enumerated, the claimant should not be allowed to recover. Although neither bronchitis and bronchiolitis nor pneumonia are enumerated diseases, the Commissioner found this condition was brought on by the inhalation of zinc chromate paint fumes and SDCL 62-8-2(17) enumerates as an occupational disease "Chrome ulceration and poisoning."

This Court in Oviatt v. Oviatt Dairy, Inc., supra, stated:

> "A recognized purpose of the Workmen's Compensation Law is to transfer from the worker to the employer, and ultimately to the public, a greater portion of the economic loss due to industrial accidents and injuries and is remedial in character and entitled to a liberal construction. Meyer v. Roettele, 64 S.D. 36, 264 N.W. 191; Schwan v. Premack, 70 S.D. 371, 17 N.W.2d 911; Bergren v. S.E. Gustafson Construction Co., 75 S.D. 497, 68 N.W.2d 477."

Giving SDCL Chapter 62-8 a liberal construction so as to effectuate the purpose of the Workmen's Compensation Law, the condition experienced by the claimant is covered within the scope of SDCL 62-8-2(17) under "Chrome ulceration and poisoning".

Upon a review of the entire record we hold the decision of the Commissioner, having substantial, credible evidentiary support, was not palpably erroneous.

Judgment affirmed.

BIEGELMEIER, C. J., and DOYLE and DUNN, JJ., concur.

WOLLMAN, J., dissents.

WOLLMAN, Justice (dissenting).

Claimant presented his case to the Deputy Industrial Commissioner on the theory that he was suffering from lung infection by lead poisoning and chemical pneumonia arising out of and in the course of his employment. He made no claim in his petition for hearing or in his trial brief that he had inhaled zinc chromate paint fumes or that he was suffering from chrome ulceration and poisoning. Indeed, claimant himself never testified that he had inhaled zinc chromate paint fumes. The only testimony in the record on this matter came from one of claimant's physicians, Dr. Berg, who testified that:

"He (claimant) was painting in a close space using zinc chromate and lead-based paints apparently, from the information we have here, for the prior six weeks to the onset of the symptoms."

On cross-examination, however, Dr. Berg acknowledged that he had never made any examination into the type of paint fumes that might have been involved in claimant's illness, that he did not know what type of paint fumes claimant had inhaled, that he did not know what agents might have been in the paint claimant was using, and that the only information he had in this regard was what he had been told by claimant. There is no evidence in the record to establish that this hearsay information given by claimant to his doctor had any basis in fact in view of the utter lack of foundation that claimant had any knowledge of what type of paint fumes he had inhaled at his place of employment. Thus I would hold that the Deputy Industrial Commissioner's finding that claimant had inhaled zinc chromate paint fumes was not supported by substantial, credible and reasonable evidence. Oviatt v. Oviatt Dairy, Inc., 80 S.D. 83, 119 N.W.2d 649, and cases cited therein.

Even if we elevate Dr. Berg's testimony regarding the zinc chromate paint fumes to the level of evidence sufficient to support a finding, claimant's case still falls short in view of the Deputy Industrial Commissioner's finding that as a result of inhaling such fumes claimant had suffered "bronchitis and bronchiolitis due to chemical irritation and pneumonia due to chemical irritation" and his conclusion that claimant was suffering from an occupational disease as defined under the Occupa-

tional Disease law. Unfortunately, bronchitis, bronchiolitis and pneumonia due to chemical irritation were not diseases enumerated in SDCL 62-8-2 as then in effect.

The majority opinion implicitly recognizes that to be compensable claimant's condition must fall within one of those statutorily enumerated diseases set forth in SDCL 62-8-2 and that bronchitis, bronchiolitis and pneumonia are not compensable diseases under that statute.* Without substantial credible record evidence, cf. Podio v. American Colloid Co., 83 S.D. 528, 162 N.W.2d 385, to support such a finding, the majority opinion then holds that claimant was suffering from chrome ulceration and poisoning. Such a judicial tour de force requires more medical knowledge than I lay claim to.

In short, claimant tried his case on the wrong theory: he never claimed that he had inhaled zinc chromate paint fumes or that he was suffering from chrome ulceration and poisoning. He is the beneficiary of what in another case was described as a "theory transplant" and a rescue operation for a "litigation casualty". United States v. Falstaff Brewing Corp., 410 U.S. 526, 93 S.Ct. 1096, 1122, 35 L.Ed.2d 475, 506. (Rehnquist, J., dissenting.)

I would reverse.

---

* SDCL 68-8-2 was repealed by Ch. 286, § 2, Laws of 1971. Claimant's condition would now arguably be covered under SDCL 62-8-1(4), which as amended by Ch. 286, § 1, Laws of 1971 reads: " 'Occupational disease' means a disease peculiar to the occupation in which the employee was engaged and due to causes in excess of the ordinary hazards of employment and includes any disease due or attributable to exposure to or contact with any radioactive material by an employee in the course of his employment."