Gerhardt STARK, Claimant
and Appellant,

v.

MUNCE BROS. TRANSFER &
STORAGE, Employer and
Appellee,

and

The Hartford, Insurer and Appellee.

No. 16845.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1990.

Decided Oct. 24, 1990.

Doug Cummings, Sioux Falls, for claimant and appellant.

J.G. Shultz of Woods, Fuller, Shultz & Smith P.C., Sioux Falls, for employer and appellee, insurer and appellee.

SABERS, Justice.

Gerhardt Stark (Stark) appeals from a circuit court judgment dismissing his appeal. We affirm.

FACTS

The Secretary of Labor affirmed the Division of Labor and Management decision to deny Stark a lump sum settlement of his workers' compensation claim against his employer, Munce Brothers Transfer & Storage (Munce). Stark was served with the order by mail on May 10, 1989.

On May 15, 1989, Stark filed a timely appeal with the circuit court and made timely service upon his employer and its insurer. However, Stark failed to serve a timely notice of appeal upon the Department of Labor as required by SDCL 1–26–31 which provides, in part:

> An appeal [from an administrative agency to circuit court] *shall* be taken by serving a notice of appeal upon the adverse party *and upon the agency which rendered the decision, and* by filing the same, or a certified copy, with proof of such service in the office of the clerk of courts of the county in which the venue of the appeal is set, within thirty days after the agency served notice of the final decision.... (emphasis added).

Munce filed a motion to dismiss the circuit court appeal on June 27, 1989, on the basis that the circuit court lacked subject matter jurisdiction as a result of Stark's failure to serve notice of the appeal on the Department of Labor. On June 15, 1989, five days after the 30–day period for service had ended, Stark served the notice of appeal upon the Department of Labor. SDCL 1–26–31. Despite Stark's failure to timely serve the Department of Labor, the deputy director of the Division of Labor and Management indexed its record and

transmitted it to the circuit court within thirty days after service of the notice of appeal to circuit court. SDCL 1–26–33. The circuit court dismissed the appeal for lack of subject matter jurisdiction and noted that the mandatory language of SDCL 1–26–31 required service on the Department of Labor.*

## DECISION

Stark relies on *Olson v. Midwest Printing Co.*, 347 N.W.2d 43 (Minn.1984) and argues that failure to give notice to the Department of Labor was not a jurisdictional error requiring dismissal because the agency is not a party to the appeal and only performs administrative functions. Stark also argues that since the Department of Labor performed its administrative functions within the 30 days allotted by statute, his failure to serve the Department of Labor was a minor error that resulted in no prejudice to Munce.

*Olson* involved an appeal to the Workers' Compensation Court of Appeals from a compensation judge's opinion. Under Minnesota's Workers' Compensation intra-agency appeal procedure, an appellant "shall" 1) serve the notice of appeal on each adverse party, 2) file the original with the chief administrative law judge, and 3) file a copy with the commissioner. Minn. Stat. § 176.421 (1982). Olson failed to do the third step. The Supreme Court of Minnesota noted this omission in a footnote to its opinion, explaining, in part:

> The WCCA found it had jurisdiction, even though Olson did not strictly comply with the filing requirements. We concur in this determination. Midwest Printing and American Mutual cannot show prejudice or delay in the appeals process due to Olson's failure to file a copy of the notice of appeal with the commissioner. The requirement that a

copy of the notice of appeal be filed with the commissioner simply assists the commissioner in carrying out purely administrative functions. *See* Minn.Stat. § 175.101 (1982).

*Id.* at 44. *Olson* dealt with an appeal within an administrative agency and not an appeal from an administrative (executive) agency to a circuit (judicial) court.

■ The issue here is whether the subject matter jurisdiction of the circuit court was invoked. When the legislature prescribes a procedure for circuit court review of the action of an administrative body, the conditions of the procedure must be complied with before jurisdiction is invoked. *Appeal of Heeren Trucking Co.*, 75 S.D. 329, 330–331, 64 N.W.2d 292, 293 (1954); *Middle Creek Sch. Dist. No. 18 v. Butte County Bd. of Ed.*, 83 S.D. 107, 155 N.W.2d 450 (1968). *Heeren* and *Middle Creek* were decided prior to the adoption of the administrative procedures act in South Dakota. A careful review of the administrative procedures act and subsequent case law leads to the conclusion that the concept enunciated in *Heeren* and *Middle Creek* was not diminished or abrogated by the adoption of the administrative procedures act. *See Hein v. Marts*, 295 N.W.2d 167, 171 (S.D.1980) ("As a general rule, where a method of giving notice is prescribed by statute, there must be strict compliance with the prescribed method in form of notice.") SDCL 1–26–31 specifically requires service of the notice upon the agency which rendered the decision, in this case the Department of Labor. The statute is clear and uses mandatory language. *Matter of Groseth Intern., Inc.*, 442 N.W.2d 229 (S.D.1989).

■ Contrary to Stark's argument, the notice of appeal to the Department of La-

---

* On July 27, 1989, the circuit court granted the motion to dismiss, noting in its letter decision:

> The South Dakota administrative procedures in SDCL 1–26–31 require that an appeal be served "[upon] the adverse party and upon the agency that rendered the decision."
>
> The appellant [Stark] served a Notice of Appeal on the Employer [Munce] and Insurer, however, failed to serve a Notice of Appeal

upon the Department of Labor. The language of the statute makes notice to the agency mandatory. Since the appellant failed to give notice to the Department within the time frames required by statute, this appeal has not been perfected and the Circuit Court lacks jurisdiction to review the Department's decision.

bor does more than order the completion of administrative functions. As we recently indicated, the notice of appeal serves as a notice of transfer of jurisdiction from the executive branch to the judicial branch. *See Groseth*, 442 N.W.2d at 231. As a result, this case is inherently different than *Olson* which involved an intra-agency appeal. Lack of prejudice to Munce has little or no bearing on Stark's failure to notify the Department of Labor of the transfer of jurisdiction to the judicial branch. Moreover, Stark's error is in no way negated by the Division of Labor and Management's completion of the administrative portions of its responsibilities. The circuit court's subject matter jurisdiction had not been invoked and the circuit court was correct in dismissing the appeal.

Affirmed.

MILLER, C.J., and WUEST and MORGAN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

This is another judicial jolt for the working people of South Dakota emanating from this Court, and more specifically, for Gerhardt Stark, one of their ranks. This decision is based upon a hypertechnical construction of one statute, involving an appeal rubric, which under close and fair examination, does not make sense.

True, it is settled law in South Dakota that failure *to timely file* a notice of appeal is a jurisdictional flaw requiring dismissal of the appeal. *Kulesa v. Department of Public Safety*, 278 N.W.2d 637 (S.D.1979); *Madsen v. Preferred Painting Contractors*, 89 S.D. 397, 233 N.W.2d 575 (1975). But—these cases are patently distinguishable because: This case is not about the issue of *timely filing* the notice of appeal. Filing is an independent act and concept; giving *notice* thereof is a separate concept.

In the name of justice, should not the appellees (who were served within the statutory time limit and proper notice given unto them) be required to demonstrate how they are *prejudiced* by this de minimis

error? Cannot the majority of this Court recognize that the Department of Labor is not an aggrieved party? Said Department has no standing to appeal and is not participating in this appeal. Rather, though the Department's shoe is supposedly pinching, the appellees are hollering "ouch" for the Department. It is obvious that the functions of the Department of Labor are purely administrative. This working man, through his lawyer, timely filed his notice of appeal and served his statement of issues on appeal pursuant to SDCL 1–26–31.-4. Thereafter, he timely requested a transcript pursuant to SDCL 1–26–32.2. Error it was (of insignificant impact), but not such a damaging or prejudicial mistake that it should cause this working man an opportunity to appeal. The failure to notify the said Department was three (3) to six (6) days late, depending upon how the time is calculated. In my opinion, the decision of the circuit court and the Supreme Court of this state is acutely insensitive and harsh to this man. If the *notice* to the Department of Labor (not mind you, a substantive filing of his appeal) was 3, 4, 5 or 6 days late, so what? Our decision in this case is based upon administrative gobble-de-gook! A reading of this record discloses that prior to July 12, 1989, the Department of Labor had assembled and consecutively numbered the pages of all documents and prepared and attached an alphabetical and chronological index. Said Department filed it on July 12, 1989. Thus, the work was all done; the hay was in the barn; all systems were go. But—the circuit court camped down on a technicality. Opposing parties (appellees), have not demonstrated any prejudice whatsoever. It reminds me of the old "tee-hee" game we played as youngsters where we taunted "We got-cha!" Again, I repeat: This working man timely filed his appeal; he timely filed and served his statements of issue on appeal; he timely filed a request for transcript. Under SDCL 1–26–33 the administrative agency (the said Department) was able to do its required duty (and did). So, as we witnessed—on television in a famous advertisement: "Where's the beef?" The answer is: It isn't there.

A three to five day tardiness on notice (not filing) has cost this working man his appeal. This is absolutely vaulting form over substance. No prejudice or delay was occasioned in the appeal process. There is, simply, no fatal flaw. I would follow the reasoning in the *Olson* decision in Minnesota, cited by the majority and which the majority now dances with and does a deft sidestep to avoid its rationale. Moreover, in *Olson*, the appellant neglected to file a notice of appeal with the commissioner (liked unto the Department here). Yet, the Minnesota Supreme Court held that failure to do so did not warrant a dismissal of the appeal. The Minnesota Supreme Court held, *inter alia:*

> The requirement that a copy of the notice of appeal be filed with the Commissioner simply assists the Commissioner in carrying out purely administrative functions. See Minn.Stat. § 175.101 (1982).

Not unlike Minnesota, the Department of Labor performed an administrative function also in assembling the record. All systems were go; all was ready. Justice was in gear. So—"Where's the beef?" I would follow the Minnesota rationale. And say, what of the dozens of cases in this Court which held that Workmen's Compensation statutes are to be construed liberally to effectuate the basic purpose of the legislative will? Seems to me that we have held that the Workmen's Compensation Act is remedial, and should be liberally construed to effectuate its purposes, to aid the injured worker. *See*, for example, *Schwan v. Premack*, 70 S.D. 371, 17 N.W.2d 911 (1945). On this cardinal premise, we hunkered down for years. The cases are legion. Now, in this Court, read our recent compensation cases. You will see the winds of change blowing across the South Dakota prairie, from the borders of Minnesota and Iowa to the Black Hills adjacent to the Wyoming state line. *See*, for example, *Lawler v. Windmill Restaurant*, 435 N.W.2d 708 (S.D.1989), Henderson, J., dissenting.

Accordingly, I dissent.